20854. DUNCAN *et al. v.* MOBLEY, superintendent of banks, *et al.*

DECIDED MAY 12, 1931.

*Jones, Evins, Powers & Jones,* for plaintiffs in error.

*Jones, Fuller, Russell & Clapp, Dillon, Calhoun & Dillon, Augustine Sams, Astor Merrill, J. R. Hutcheson, W. H. Dorris, C. N. Davie, J. F. Kemp,* contra.

BLOODWORTH, J. A. B. Mobley, as superintendent of banks for the State of Georgia, brought suit in Fulton superior court against Paul D. Selman, J. T. Duncan, W. I. Dorris, J. M. Hatchett, N. B. Duncan, E. F. Huffine, P. H. Winn, W. W. Winn, J. T. Miles, and W. M. Entrekin, as directors of the Douglasville Banking Company. In his petition he alleged that the defendant Paul D. Selman was a resident of Fulton county, Georgia, and the other defendants were residents of Douglas county, Georgia, and all of said defendants were subject to the jurisdiction of Fulton superior court. To the petition as amended the defendant demurred generally and specially. The court passed the following order: "The court is of the opinion that the petition in the above-stated case as amended is good as against the general demurrer; that the various items of alleged liability are set forth with sufficient definiteness; and that all questions of liability on the part of the defendants are properly joined in one suit. Therefore the demurrers filed by the defendants

to plaintiff's petition as amended are overruled, with the following interpretation and direction, to wit: 1. The case will have to go to an auditor. If during the hearing it should be made to appear to the satisfaction of the auditor that any defendant has reasonable grounds for surprise at the character of evidence introduced on behalf of the plaintiff, he shall have such reasonable time as the auditor may think proper to reply thereto. 2. The overruling of the demurrers shall not be construed as adjudicating a period of limitation of actions inconsistent with law. The auditor shall determine and make report on all such questions." The court did not err in overruling the demurrer.

The petition as amended set forth a cause of action. Under the banking law of 1919 (Ga. L. 1919, p. 135), the superintendent of banks is authorized to bring suit against the directors and officers upon any cause of action vested by law in the bank or the stockholders or creditors thereof. See *Shannon* v. *Mobley,* 166 *Ga.* 430 (143 S. E. 582). In the case just cited the petition was substantially the same as in this. The grounds of demurrer were many and covered the same points as in this, but the Supreme Court did not consider them sufficient to break down the petition. The petition in the instant case, as amended, is proof against a general demurrer. The petition sets forth clearly the duty devolving upon the directors of the bank, and definitely points out a violation of these duties with consequent loss to creditors, depositors and stockholders. On these points the amendment goes more into details. It shows how these particular rights were violated. The petition is alleged to be duplicitous. There is no merit in this contention. The petition in *Mobley* v. *Minter,* 38 *Ga. App.* 798 (145 S. E. 894), was virtually and substantially the same as in this case. The demurrer covered the same points as those in this case, but this court held (p. 809) that the petition in that case was not duplicitous. See, in this connection, Curtis v. Metcalf, 259 Fed. 961, 968 (1919); Bowerman v. Hamner, 250 U. S. 504 (39 Sup. Ct. 549, 63 L. ed. 1113), (1919); Ringeon v. Albinson, 35 Fed. (2d) 753 (3) (1929). Nor is there a misjoinder of parties. The cause of action is against joint tort-feasors, and it is entirely proper that they should be joined in one action.

No error is shown in overruling any other ground of demurrer.
*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*