25871. CHEATHAM *et al.* v. GORMLEY, superintendent of banks.

296

*D. R. Cumming, Eugene Dodd, Arnold, Gambrell & Arnold, Little, Powell, Reid & Goldstein,* for plaintiff in error.

*Dave M. Parker, assistant attorney-general, J. W. Culpepper, N. F. Culpepper, Park & Strozier,* contra.

FELTON, J.  R. E. Gormley, as superintendent of banks of this State, brought suit against certain officers and directors of the Griffin Banking Company, for breach of duties, misfeasance, non-feasance, and fraudulent conduct on the part of some of them, by reason of which it was alleged the bank sustained large losses which finally resulted in its insolvency, causing heavy loss to its depositors and creditors.  The petition sets forth twelve separate and distinct transactions, each showing a specific loss.  It is alleged that different officers and directors served in different years.  It is not alleged that all parties defendant are liable for the loss resulting from any one transaction.  Many transactions are alleged with which different defendants are charged.  Judgment is prayed against each defendant for the loss in which he participated.  This suit was brought on the theory that it was an equity case, that an accounting with each defendant was proper, and that damages could be apportioned according to the liability of the individual defendants.  The Supreme Court adjudicated the case to be one at law in tort, and transferred it to this court.

Under the law this action can not be maintained, unless it is on the theory that all the losses added together combined to constitute one grand-total loss.  Our view is that each loss constitutes one cause of action.  Insolvency of the bank is not the gist of the action, but the loss caused by the various acts of the defendants.  For example, if certain of the directors had caused a loss of $10,000, and that had caused the insolvency and the consequent loss to creditors and depositors, another group of directors later causing a loss of $50,000, and having nothing to do with the $10,000 loss, could not be held liable for the former loss, or vice versa.  "'Where two or more persons or corporations, act-

ing independently, without concert, plan, or other agreement, inflict a damage or cause an injury to another person, the persons inflicting the damage are not jointly liable therefor, but each is liable for his proportion only of the damages; and in such case a joint action against them can not be maintained.' . . But it is also true, that, even though voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred." *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (3) (126 S. E. 883), and cit. If the petition had contained one complaint against all the defendants, and other complaints against only some of them, at law, upon timely and appropriate objection the suit would have to be dismissed. Code, § 3-110. The "common-nexus" rule applies only in equity. For the equitable rules, see Code, § 37-1007; *McCowan* v. *Snook,* 175 *Ga.* 430 (165 S. E. 84); *Longino* v. *Bearden,* 177 *Ga.* 353 (170 S. E. 237); *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984 (48 S. E. 380); *Wilson* v. *Ward,* 149 *Ga.* 325 (100 S. E. 205); *Gordy* v. *Levison,* 157 *Ga.* 670 (122 S. E. 234), and cit.; *Sayre* v. *Bennett,* 159 *Ga.* 369 (125 S. E. 855); Emerson *v.* Gaither, 103 Md. 564 (64 Atl. 26, 8 L. R. A. 738, 7 Ann. Cas. 1114).

Cases cited by the defendants in error are either distinguishable by reason of the setting up of one loss or injury from a continuing act or wrong in which all defendants participated, or the question of multifariousness was not before the court when the decision was rendered. In *Shannon* v. *Mobley,* 166 *Ga.* 430 (143 S. E. 582), the action was against each defendant, for the same amount and for the same single injury. In *Gormley* v. *Slicer,* 178 *Ga.* 85 (172 S. E. 21), the Supreme Court, in answering a certified question, did not have before it the objections to the suit on grounds of misjoinder of parties and causes of action, and the most it could have said was that separate judgments could be rendered against the separate defendants for different amounts in an action at law, if the defendants raised no objection by special demurrer as to misjoinder of parties or causes of action. Nothing to the contrary of what is herein held was decided in *Mobley* v. *Russell,* 174 *Ga.* 843 (164 S. E. 190); *Duncan* v. *Mobley,* 43

298

*Ga. App.* 380 (159 S. E. 129); *Mobley* v. *Minter,* 38 *Ga. App.* 798, 806 (145 S. E. 894). We think that there was a misjoinder of parties defendant and of causes of action, and that the overruling of the demurrers to the petition on these grounds was error. The other grounds of demurrer will not be passed upon.

*Judgment reversed. Stephens, P. J., and Sulton, J., concur.*