### EDWARDS v. E. I. DU PONT DE NEMOURS & CO. et al.

#### No. 13063.

United States Court of Appeals
Fifth Circuit.
June 16, 1950.

Charles H. Kirbo, Bainbridge, Ga., Vance Custer, Bainbridge, Ga., H. G. Rawls, Albany, Ga., for appellant.

S. B. Lippitt, Albany, Ga., W. H. Miller, Bainbridge, Ga., for appellees.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is an action in tort for personal injuries allegedly sustained by appellant from the explosion of ten sticks of dynamite, while he was engaged in blowing up stumps on his farm in Georgia. The appellant bought the dynamite, caps, and fuses, from the appellee Flint Explosive Company, a Georgia corporation, hereinafter referred to as the Flint Company or resident defendant, which in turn bought the same from the other appellee, E. I. du Pont de Nemours & Company, a Delaware corporation, hereinafter referred to as du Pont or the nonresident defendant. The case was removed to the federal court on petition of the nonresident defendant, and appellant's motion to remand was overruled. Thereafter, a summary judgment on the merits was rendered for the appellees, and the appellant gave due notice of appeal to this court.

The only question that we deem necessary to be decided by us is whether the cause was removable under Section 1441(c) of the Federal Judicial Code, 28 U.S.C.A. § 1441(c). No fraudulent joinder of the resident defendant is asserted in the briefs. The grounds of removal relied on therein by the removing defendant are as follows: (1) that a separate and independent cause of action was alleged against du Pont in the complaint; (2) that no joint cause of action was alleged against the appellees; and (3) that the complaint failed to state a claim or cause of action against either the resident or non-resident defendant. These questions, upon the record before us, must be determined from the well-pleaded

facts alleged in the complaint. These facts, so far as relevant and material to the jurisdictional issue before us, are in substance as follows:

The dynamite, caps, and fuses, which caused the explosion and injuries, were brought by the appellant from the Flint Company for the purpose of blasting the stumps on his land, and this purpose was well known to said company, which was selling the same for such purpose, at the time and place in question, with the knowledge and approval of du Pont, the non-resident defendant. According to the instructions given appellant by the Flint Company, in each stick of dynamite a cap was to be inserted, with one foot of fuse extending therefrom; the end of the fuse fartherest away from the cap was to be ignited, and the dynamite inserted under the stump. The Flint Company represented to appellant that the dynamite, caps, and fuses, so purchased, were suitable for the use for which they were bought; but the fuse used in this instance was defective in that, when a match was properly applied to it by appellant, the spark passed immediately to the cap and caused an instanteous explosion of the dynamite, blowing off appellant's right hand and lower arm, wounding him in the right leg, deafening him in the left ear, damaging the sight of his left eye, and causing other severe injuries from which he still suffers excrusiating pain.

The original complaint alleged that the defective fuse was manufactured by du Pont, but in an amendment to the complaint and other parts of the record some doubt is raised as to this fact. The petition for removal is not in the record, and we are not advised whether the amendment was made before or after the petition for removal was filed. Whether or not the fuse was manufactured by du Pont may be highly important upon the merits of the case, but it is not a determinative factor here upon the question of removal jurisdiction. Therefore, we shall decide this question without regard to the amendment, the answers of defendants, and the affidavits introduced on the motion for summary judgment. In the original complaint, aside from said allegation as to who manufactured the defective fuse, it is alleged that prior to said purchase by appellant from defendants of said fuse, caps, and dynamite, there had been a series of injuries to various customers of appellees that resulted from similar defective fuses purchased from them, which accidents were well known to both appellees but unknown to appellant. Nevertheless, both appellees continued to sell and distribute said defective fuses, with knowledge of the defect and without exercising the slightest care to correct it. These allegations must be accepted by us as made in good faith, in the absence of an allegation of fraudulent joinder; and, since the petition for removal is not before us, we presume that it contained no such allegation.

The negligence of both appellees is predicated upon their failure to follow prudent customs that were necessary in the sale and distribution of explosives. The Flint Company, it is alleged, had not qualified under Georgia law to possess or sell explosives, and its officers were inexperienced and incompetent, for such business, all of which was known or should have been known to du Pont. The latter, it is averred, negligently sold and distributed said explosives to the general public through Flint, one of its dealers, thereby causing the injury to appellant. The defect in the fuse consisted of the uneven distribution of the powder that it contained. The Flint Company is alleged to have known this fact and to have failed to apprise the appellant of it; du Pont is also said to have been negligent in selling through an unlicensed distributor, with full knowledge of the defective fuses, gained from a series of similar accidents in the same locality, all of which was unknown to appellant, who was free from fault. Finally the complaint alleged that the defendants wantonly failed to devise any ways or means to remove the unnecessary hazards incident to the use of explosives. Their negligent acts are alleged to have caused appellant's injuries. We take the case as stated by appellant. We look to the substantive law of Georgia to ascertain whether a legal claim was stated against either or both of the appellees, and

whether a separate and independent claim or cause of action was alleged against the non-resident defendant. Georgia decisions upon procedure may be persuasive Finley v. Southern Railway, 5 Ga.App. 722, 64 S.E. 312; Council v. Nunn, 41 Ga.App. 407, 153 S.E. 234; American Agricultural Chemical Corp. v. Jordan, 48 Ga.App. 493, 173 S.E. 488; Longino v. Moore, 53 Ga.App. 674, 187 S.E. 203; Locke v. Ford, 54 Ga. App. 322, 187 S.E. 715; Cheatham v. Gormley, 55 Ga.App. 295, 190 S.E. 38; Southeastern Greyhound Lines v. Estes, 68 Ga. App. 248, 22 S.E.2d 679; Gooch v. Georgia Marble Company, 151 Ga. 462, 107 S.E. 47; Hopkins v. City of Atlanta, 172 Ga. 254, 157 S.E. 473; but in procedural matters we are controlled by the Federal Rules of Civil Procedure, 28 U.S.C.A. These rules do not extend or limit federal jurisdiction, but they implement the exercise of existing jurisdiction, which has been conferred by statute. Rule 82, Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185.

█ Aided thus, we look to the federal statutes as construed by federal decisions to determine whether the case is removable in whole or in part, all questions of joinder, non-joinder, and misjoinder being for the federal court. We are no longer interested in separable controversies as a ground of removal, but are bound to remand this case to the state court unless a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more non-removable claims or causes of action. If, as a matter of law, a valid claim is stated against the resident defendant, and none is stated against the non-resident, the cause is not removable. On the other hand, the case is removable if as a matter of law no joint cause of action is stated, or if no claim is stated, against the resident defendant, or if a separate and independent claim or cause of action is stated against the non-resident defendant. In the instant case, the claim against the resident defendant is at least as strong as the one against the non-resident, unless the latter was the manufacturer of the fuse, which fact we have put to one side for reasons above stated.

█ The right of removal is statutory; before a party may avail himself of it, he must show that he comes within the provisions of the statute. In cases of tort, the plaintiff may elect to make his action joint or several, and no defendant can take away such right of election of remedies after it has been exercised. A defendant cannot elect to make several a joint or several cause of action that the plaintiff has elected to make joint. Separate defenses do not make separate and independent claims. A separate defense may defeat a joint recovery, but it cannot deprive the plaintiff of his right to prosecute his suit to final determination in his own way. The subject matter of the controversy is whatever the plaintiff in good faith declares it to be in his pleadings, not by conclusions of law but by well-pleaded allegations of fact.

In the instant case, according to the complaint, there is but a single cause of action, and that is the injury done the plaintiff by the several acts of the defendants. There was but one accident, one explosion, one catastrophe, one civil wrong or injury; in a word, one tort, resulting from one or more negligent acts; it culminated in the injuries to appellant. Leading up to the final event were a series of transactions, and doubtless several acts of negligence, that materially contributed to the tragic end, possibly some committed by others not parties hereto; but there was only one wrong, one infraction of a legal right; and it gave rise to a joint or several cause of action, which appellant has elected to make joint. All tort feasors that directly and proximately contributed materially to the injury were suable jointly; but the injured party might have brought separate suits and prosecuted them until full satisfaction was obtained. The gravamen of appellant's case consists in the violent explosion that caused his injuries. The issues are whether there was injury for which the appellees are responsible, and, if so, what are the measure and amount of damages. Questions of remote and proximate cause, as well as individual liability for separate acts of negligence, may arise upon the trial, but these issues go to the merits of the case and do not affect the removal jurisdiction

of the federal court. In no just sense can it be said that a separate and independent claim is presented against du Pont, the non-resident defendant.

If separate suits for this injury were filed in the same court against both appellees, they might be consolidated and tried together before the same jury. If separate trials were had, there could be only one full recovery by the injured party, and a partial recovery could be pleaded in partial satisfaction in a subsequent action for the same injury. Ordinarily there is no contribution between joint tort feasors, and satisfaction may be obtained from one wrongdoer, which extinguishes the liability of all. To force separate trials in tort claims for personal injuries would militate against speed and economy in the administration of justice. To remove such cases to the federal court if one joint tort feasor is of diverse citizenship, and the requisite amount is present, would be contrary to the legislative intent, which abolished separable controversies and substituted in lieu thereof separate and independent causes of action. A claim that may be satisfied by the payment of another claim cannot fairly be said to be unrelated thereto, unconnected therewith, or independent thereof. In truth, the very existence of the claim against the non-resident here is dependent upon its not having been paid or satisfied by one or more of the other joint tort feasors. Cf. Louisville & N. R. R. Co. v. Wangelin, 132 U.S. 599, 10 S.Ct. 203, 33 L. Ed. 473; Hay v. May Department Store, 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Tolbert v. Jackson, 5 Cir., 99 F.2d 513; Texas Employers Ins. Association v. Felt, 5 Cir., 150 F.2d 227, 160 A.L.R. 931; Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788; Cooley on Torts, 4th Ed., p. 279.

From the allegations of the complaint, our conclusion is that, even though there may have been no concert of action between the appellees, the cumulative effect of their several acts was a single, indivisible injury, which probably would not have resulted but for the concurrence of such acts. In these circumstances, the actors may be held liable as joint tort feasors. The judgment appealed from is reversed, and the cause remanded to the court below, with directions to remand the entire suit to the state court.

Reversed.