**Thomas SHAW, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, a corporation, et al., Defendants.**

No. CV 80–M–0507.

United States District Court,
N. D. Alabama, S. D.

June 10, 1980.

Scott A. Powell, Frank O. Burge, Jr., Birmingham, Ala., for plaintiff.

E. Mabry Rogers, Bradley, Arant, Rose & White, Charles E. Sharp, Sadler, Sadler, Sullivan, Sharp & Stutts, Birmingham, Ala., for defendants.

MEMORANDUM OPINION

McFADDEN, District Judge.

This action is before the court on motion of the plaintiff to remand the case to state court.

This action was originally commenced in the state court against plaintiff's employer, The Southern Railway Company, under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51, *et seq.* Defendant General Electric Company was added by an amendment which claimed that this defendant's negligence combined with that of the Railroad caused plaintiff's injury. General Electric removed to this court. Plaintiff contends that since this FELA action is not removable, 45 U.S.C.A. § 56, and since the charges against defendant General Electric Company are not separate and independent claims which afford severance as permitted by 28 U.S.C.A. § 1441(c), the case is likewise not removable as to that defendant.

General Electric argues that the action against it should not be remanded to state court for two reasons: (1) it has an absolute right of removal based upon diversity of citizenship as set forth in 28 U.S.C.A. § 1441(b), and (2) that the injury of the plaintiff for which this defendant is charged is a separate and independent claim or cause of action permitting severance and removal to federal court pursuant to 28 U.S.C.A. § 1441(c).

In *Gamble v. Central of Georgia Railway Co.*, 486 F.2d 781 (5th Cir. 1973), the court considered whether the provisions of the general removal statute, Title 28 U.S.C. § 1441(c), permit removal of FELA actions otherwise non-removable under the provisions of Title 28 U.S.C. § 1445(a).

While the defendant's first contention is somewhat different than that found in the action above, the Gamble court conducted an extensive study of the legislative history pertaining to the FELA Act which is dispositive of the first contention before this court.

Therein, the court stated,

We think the doubts expressed by the district judge as to the existence of possible conflicts between the removal provisions of 28 U.S.C. Sec. 1441(c) and the non-removal provisions of 28 U.S.C. Sec. 1445(a) are dispelled completely by this legislative background. Congress patently intended that FELA suits be not removed once instituted in state courts. The intended result was to take FELA suits "out of the operation of the removal act" by the Paynter amendment, the forerunner of current Sec. 1445(a).

\*　　\*　　\*　　\*　　\*　　\*

Congress has unequivocally declared that in FELA suits filed in state courts, the federal courts are without jurisdiction to proceed in the matter until the cause has run its course at the state level. The Supreme Court has noted this fact in *Miles v. Illinois Central R. Co.*, 1942, 315 U.S. 698, 703, 62 S.Ct. 827, 830, 86 L.Ed. 1129, 1133.

*Id.* at 785.

█ It is this court's opinion that these same principles dispel defendant's contention that 28 U.S.C.A. § 1441(b) affords it an absolute right of removal to federal district court.

Defendant's second contention is that even if it does not have an absolute right of removal as discussed above, it may remove the portion of the suit against it because this claim is separate and independent of the action against the railroad.

The court is not persuaded by this argument. In his amended complaint, the plaintiff avers that the injury sustained by him was "proximately caused by the combined and concurring negligence and/or wanton misconduct of the defendant."

█ A suit against multiple defendants for a single personal injury is not severable. *Edwards v. E. I. du Pont De Nemours & Co., et al.*, 183 F.2d 165 (5th Cir. 1950). In that case plaintiff was injured in an explosion. Du Pont, a co-defendant, removed the state court action to federal district court on the basis of diversity of citizenship. The Fifth Circuit remanded and in the course of its opinion stated,

The right of removal is statutory; before a party may avail himself of it, he must show that he comes within the provisions of the statute. In cases of tort, the plaintiff may elect to make his action joint or several, and no defendant can take away such right of election of remedies after it has been exercised. A defendant cannot elect to make several a joint or several cause of action that the plaintiff has elected to make joint. Separate defenses do not make separate and independent claims. A separate defense may defeat a joint recovery, but it cannot deprive the plaintiff of his right to prosecute his suit to final determination in his own way. The subject matter of the controversy is whatever the plaintiff in good faith declares it to be in his pleadings, not by conclusions of law but by well-pleaded allegations of fact.

In the instant case, according to the complaint, there is but a single cause of action, and that is the injury done the plaintiff by the several acts of the defendants. There was but one accident, one explosion, one catastrophe, one civil wrong or injury; in a word, one tort, resulting from one or more negligent acts; it culminated in the injuries to appellant. Leading up to the final event were a series of transactions, and doubtless several acts of negligence, that materially contributed to the tragic end, possibly some committed by others not parties hereto; but there was only one wrong,

one infraction of a legal right; and it gave rise to a joint or several cause of action, which appellant has elected to make joint.

\*     \*     \*     \*     \*     \*

In no just sense can it be said that a separate and independent claim is presented against du Pont, the non-resident defendant.

*Id.* at 168, 169.

■ The court is of the opinion that this action does not contain separate and independent claims against General Electric Co. The complaint here, as in *du Pont*, alleges one civil wrong·resulting from one or more negligent acts. No independent claim is presented against General Electric. Severance of the action should not be allowed. See also, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

Accordingly, this action is due to be remanded to the Circuit Court for the Tenth Judicial Circuit of Alabama.