**WGB, LLC, Plaintiffs,**

v.

**Philip BOWLING and Jennie M. Bowling, Defendants,**

v.

**U.S. Bank National Association, as Trustee Forc–Bass Mortgage Loan Asset–Backed Certificates, Series 2007–SP2; Litton Loan Servicing, LP; and Ocwen Loan Servicing, LLC, Counter–Defendants.**

No. 2:13–cv–01881–MHH.

United States District Court, N.D. Alabama, Southern Division.

Signed April 25, 2014.

James H. Greer, Key, Greer, Harrison & Casey, Pelham, AL, Andrew J. Hairston, Augusta S. Dowd, White Arnold & Dowd PC, Birmingham, AL, for Plaintiffs.

Kenneth J. Lay, Hood & Lay LLC, Birmingham, AL, for Defendants.

Blake B. Goodsell, Graham W. Gerhardt, Bradley Arant Boult Cummings LLP, Birmingham, AL, for Counter–Defendants.

### ORDER PURSUANT TO 28 U.S.C. § 1292(b)

MADELINE HUGHES HAIKALA, District Judge.

This lawsuit began as a fairly straightforward state court ejectment action between WGB, LLC and Philip and Jennie Bowling. After some motion practice, the Bowlings filed a "counterclaim" against three new parties: U.S. Bank National Association, as trustee for loan asset-backed certificates, series 2007–SP2, Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC. (Doc. 1–1, pp. 110–114). The new defendants removed the entire action to federal court on the basis of federal question jurisdiction, relying on claims that the Bowlings asserted against the new defendants under four federal statutes. (Doc. 1, p. 2).

The Bowlings ask the Court to remand this entire action to the Birmingham Division of the Circuit Court of Jefferson County, Alabama. (Doc. 9, p. 1). They argue that U.S. Bank, Litton, and Ocwen do not have statutory authority to remove the action under 28 U.S.C. § 1441(a). According to the Bowlings, only original defendants may exercise the statutory power of removal under § 1441. (Doc. 9). WGB argues that the Court should remand the entire action pursuant to § 1441(c) because the Bowlings' claims against the new defendants are not separate and independent from WGB's ejectment claim against the Bowlings, and WGB's ejectment claim is nonremoveable.

Neither remand argument persuades the Court. Binding precedent in this circuit undermines the Bowlings' argument, and Congress's recent deletion of the phrase "separate and independent" from § 1441(c) derails WGB's position. Therefore, as discussed in greater detail below, the Court severs WGB's ejectment action against the Bowlings from the Bowlings' federal and state law claims against the new defendants and remands WGB's ejectment action to the Circuit Court of Jefferson County, Alabama (Birmingham Division). The Court retains jurisdiction over the Bowlings' claims against the new defendants and certifies this order for interlocutory appellate review.

### I. REMAND STANDARD

■■■ A remand motion compels a federal district court to determine whether it may exercise jurisdiction over an action that a plaintiff initiated in state court. 28 U.S.C. § 1447. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir.2005) (citation omitted). "Because removal jurisdiction raises significant federalism concerns," a district court must resolve all doubts about jurisdiction in favor of remand to state court. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir.2012) (citations omitted); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) ("[F]ederal courts are directed to construe removal statutes strictly ... [A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). Therefore, in this case, the removing parties—

U.S. Bank, Litton, and Ocwen—bear the burden of persuading the Court that they properly removed this action to federal court.

## II. PROCEDURAL BACKGROUND

On November 19, 2012, WGB, LLC sued Philip F. Bowling and Jennie Bowling in the Circuit Court of Jefferson County, Alabama, Birmingham Division. (Doc. 1, p. 2).[1] Pursuant to Alabama Code § 6–6–280, WGB seeks possession of property that it allegedly bought in a mortgage foreclosure sale. (Doc. 1–1, p. 7). WGB also requests damages for injuries it purportedly sustained as a consequence of the Bowlings' alleged unlawful detention of the property at issue. (Doc. 1–1, p. 8). On January 6, 2013, the Bowlings filed a motion to dismiss the state court complaint. (Doc. 1–1, pp. 30–34). On March 13, 2013, the state circuit court found that the Bowlings' motion to dismiss was moot. (Doc. 1–1, p. 51).

Six months later, on September 9, 2013, the Bowlings filed an "Answer and Counterclaim." (Doc. 1–1, p. 110). In their "counterclaim," the Bowlings asserted claims against three new parties: U.S. Bank National Association, Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC. (Doc. 1–1, p. 114). The "counterclaim" consists of eleven state law counts and four federal law counts. With respect to the federal law claims, the Bowlings contend that the new defendants violated the Truth in Lending Act ("TILA") and Regulation Z, 12 C.F.R. § 226.1 et seq.; the Real Estate Settlement Procedures Act ("RESPA"); the Fair Credit Reporting Act ("FCRA"); and the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1–1, pp. 116–129). Each count pertains to the servicing of the mortgage on the Bowlings' property and the foreclosure sale relating to that property. (Doc. 1–1, pp. 115–16; see also Doc. 1–1, pp. 30–34).[2] The Bowlings state that, "any recovery that might be available to [WGB] must be offset by any recovery the Defendants might be entitled [to] as a result of their counterclaim." (Doc. 1–1, pp. 155–156). The Bowlings assert that they are entitled to the following relief: (a) actual damages; (b) compensatory and punitive damages; (c) "That the foreclosure sale be set aside, the foreclosure deed be declared void, and the Plaintiff's ejectment action be denied or dismissed;" and (d) attorney fees and costs. (Doc. 1–1, pp. 129–30).

U.S. Bank, Litton and Ocwen contend that they were served with the "Answer and Counterclaim" on September 13, 2013. (Doc. 1, p. 2). On October 10, 2013, the new defendants removed the entire action to federal court on the basis of federal question jurisdiction. (Doc. 1, pp. 1, 3). The Bowlings filed their motion to remand on November 6, 2013. (Doc. 9). The new defendants filed a brief in opposition to the motion to remand. (Doc. 10). Initially, WGB did not weigh in on the jurisdictional issue.

After studying the record and the briefs relating to the Bowlings' remand motion, the Court issued an order in which it provided some initial jurisdictional analysis and noted that the Bowlings and the new defendants had overlooked an important issue in their jurisdictional analysis, namely Congress's recent amendment to § 1441(c) in the Federal Courts Jurisdic-

---

1. The state circuit court case number is CV–2012-903803.

2. The Bowlings mention WGB in the fact section of the counterclaim (Doc. 1–1, p. 115); however, the substance of the fifteen counts in the Bowlings' counterclaim seems to be directed solely to the new defendants.

tion & Venue Clarification Act of 2011. (Doc. 17). The Court gave the parties an opportunity to file supplemental briefs addressing the impact of the amendment on the Bowlings' remand motion. (Doc. 17, pp. 15–16). WGB joined the jurisdictional discussion at this stage and aligned with the Bowlings on the remand issue. (Doc. 23). After WGB and the new defendants filed supplemental briefs (Docs. 22–23), the Court heard argument from all of the parties.

On this record, the Court decides the Bowlings' motion to remand.

## III.  ANALYSIS

### A.  Removal by newly added defendants.

■ A defendant's " 'right of removal is statutory.' " *Ware v. Fleetboston Financial Corp.*, 180 Fed.Appx. 59, 61 (11th Cir. 2006) (quoting *Edwards v. E.I. Du Pont De Nemours & Co.*, 183 F.2d 165 (5th Cir.1950)). The removal statute, 28 U.S.C. § 1441, begins with a general provision, § 1441(a). Section 1441(a) states:

> **Generally.**—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).[3]

The Bowlings assert that "third party and counter defendants cannot remove" under § 1441(a). (Doc. 9, p. 3). Citing *Moore's Federal Practice*, the Bowlings argue, "[a]s used in Section 1441(a) of the general removal statute, the word 'defendant' is defined as the original plaintiff's defendant." (Doc. 9, pp. 3–4). Under the Bowlings' theory, the Court effectively must insert the word "original" before the words "defendant" and "defendants" in § 1441(a) and must remand this entire action to state court because the Bowlings could not have removed WGB's state court ejectment action to federal court.[4] The Court rejects the Bowlings' argument because their analysis of § 1441 is structurally unsound.

■ The Bowlings regard § 1441(a) as the operative mechanism in § 1441 and suggest that § 1441(a) limits the operation of subsections § 1441(b) through § 1441(f). Under settled rules of statutory construction, this interpretation of § 1441 is backwards. The principle of ejusdem generis provides that " '[g]eneral language of a statutory provision, although broad enough

---

**3.**  In the vast majority of cases, original jurisdiction lies in federal court either under 28 U.S.C. § 1331 because the action involves a question of federal law or under 28 U.S.C. § 1332 because the parties are completely diverse and more than $75,000 is at issue. Section 1331 provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331. Section 1332(a)(1) provides, in part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;

28 U.S.C. § 1332.

**4.**  The Bowlings could not remove WGB's ejectment action because the action does not contain a claim arising under the United States Constitution or federal law, and even if the Bowlings could have satisfied the requirements for diversity jurisdiction under § 1332(a)(1), § 1441(b)(2) would have precluded removal because the Bowlings are citizens of Alabama. 28 U.S.C. § 1441(b)(2); Doc. 1–1, p. 114.

to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment. Specific terms prevail over the general in the same or another statute which otherwise might be controlling.'" *In re Read,* 692 F.3d 1185, 1191 (11th Cir.2012) (quoting *D. Ginsberg & Sons, Inc. v. Popkin,* 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704 (1932) (internal citations omitted)); *see also Medberry v. Crosby,* 351 F.3d 1049, 1060 (11th Cir.2003) ("[I]n answering the issue presented in the COA, we turn to the canon of statutory construction that the more specific takes precedence over the more general."). Under this principle, the five subsections that follow § 1441(a) refine the application of the general provision for particular situations. For example, § 1441(b)(2) addresses removal by resident defendants. Section 1441(a) generally allows defendants to remove an action when the parties are completely diverse, and more than $75,000 is in controversy; however, § 1441(b)(2) states that, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Therefore, under § 1441(b)(2), the presence of a resident defendant defeats removal of an action which otherwise would be removable under § 1441(a) on the basis of diversity jurisdiction.

■ Like § 1441(b)(2), § 1441(c) refines § 1441(a), and § 1441(c) provides a vehicle for newly added defendants to remove an action that satisfies § 1441(c)'s criteria. *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th

Cir.1980). Section 1441(c) applies to removal of "a civil action" that "includes [ ] a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and [ ] a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." 28 U.S.C. § 1441(c)(1)(A)-(B). When an action includes claims that are removable under § 1331 and nonremovable claims, § 1441(c) provides that "the entire action may be removed if the action would have been removable without the inclusion of the" nonremovable claim. 28 U.S.C. § 1441(c)(1)(B). Thus, under § 1441(c), when an original state court defendant files claims against new defendants, and one or more of those claims supplies a basis for federal question jurisdiction, the new defendants may remove the entire action to federal court even though the action contains claims that otherwise would be nonremovable.

Though decided under an earlier version of § 1441(c), *Carl Heck,* a case that is binding in this circuit, supports the Court's conclusion.[5] The plaintiff in *Carl Heck* sued the Lafourche Parish Police Jury in state court for breach of contract. 622 F.2d at 134. Lafourche, in turn, filed a third party claim against its insurer based on Lafourche's contention that the insurer was contractually bound to defend Lafourche and hold it harmless. *Id.* at 134–135. The newly added defendant, the insurer, removed the entire action to federal court on the basis of diversity jurisdiction. The district court denied Lafourche's motion to remand the entire action to state court. Instead, the district court severed and remanded to state court the original

---

**5.** *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) ("[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as the court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent on the Eleventh Circuit.").

plaintiff's claim against Lafourche and retained jurisdiction over Lafourche's insurance claim. *Id.* at 135. The district court based its decision on the language then contained in § 1441(c):

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

*Id.* at 135.

■ In affirming the district court's decision under § 1441(c), the Fifth Circuit Court of Appeals acknowledged that "the decisions are in conflict as to a third party defendant's right to remove a controversy under section 1441(c);" however, the Court found that the cases that "have permitted removal on the basis of a third party claim where a separate and independent controversy is stated" present "the more rational view" of the right of newly added parties to remove under section 1441(c). *Carl Heck*, 622 F.2d at 135. The Court of Appeals observed, "the language of [section 1441] does not require only those causes of action joined by the original plaintiff to form the basis of removal. If the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court, there should be no bar to removal." *Id.* at 136.

Nearly two decades after it decided *Carl Heck*, the Fifth Circuit held in *Bd. of Regents of Univ. of Tex. System v. Walker*, 142 F.3d 813 (5th Cir.1998), *cert. denied* 525 U.S. 1102, 119 S.Ct. 865, 142 L.Ed.2d 768 (1999), that a newly added counter-defendant could remove an action to federal court under § 1441(c) when the new

defendant would have been able to remove the § 1983 claim against him had he been sued alone. *Id.* at 816. The *Walker* decision is not binding in this circuit because the Fifth Circuit issued the opinion after September 30, 1981, but the Court finds the Fifth Circuit's reasoning persuasive. Although subsequent revisions of § 1441(c) now prohibit a removal like the one in *Carl Heck* because Congress has excluded from the operation of § 1441(c) cases in which original federal jurisdiction is based upon diversity jurisdiction under 28 U.S.C. § 1332, the Fifth Circuit's rationale for permitting a newly added defendant to remove a civil action to federal court under § 1441(c) remains valid and binding in the Eleventh Circuit.

WGB acknowledges this point; the Bowlings disagree. The Bowlings argue that the United States Supreme Court's decision in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002), dealt a fatal blow to *Carl Heck*. (Doc. 9, pp. 4–5). The procedural posture of *Holmes Group* distinguishes it from *Carl Heck*, leaving the rationale of *Carl Heck* undisturbed in cases such as the one before the Court.

Holmes Group filed an action in federal court in which the company asked the district court to declare that Holmes Group's products did not infringe on Vornado Air's trade dress. Vornado Air, the original defendant, filed a compulsory counterclaim against Holmes Group for patent infringement. *Holmes Group*, 535 U.S. at 828, 122 S.Ct. 1889. The district court found in favor of Holmes Group. On appeal, the Federal Circuit vacated the district court's decision and remanded the case, instructing the district court to consider a new decision that post-dated the district court's judgment. *Id.* at 829, 122 S.Ct. 1889. The Supreme Court "granted

certiorari to consider whether the Federal Circuit properly asserted jurisdiction over the appeal," a question that turned on the district court's ability to exercise jurisdiction over the declaratory judgment action. *Id.*

The Supreme Court began its jurisdictional analysis with a summary of the well-pleaded complaint rule. The Court explained, "[a]s 'appropriately adapted to § 1338(a),'" the jurisdictional statute at issue in *Holmes Group*, "the well-pleaded-complaint rule provides that whether a case 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration,'" and that complaint, "must 'establis[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law....'" *Holmes Group*, 535 U.S. at 828, 122 S.Ct. 1889 (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). Because it was undisputed that the plaintiff's complaint did not contain a claim arising under federal patent law, the Supreme Court held that the district court did not have jurisdiction over the case.

The Supreme Court rejected the notion that Vornado Air's patent law counterclaim could provide a basis for federal jurisdiction: "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group*, 535 U.S. at 831, 122 S.Ct. 1889. To hold otherwise, the Supreme Court opined, would "contravene the [following] longstanding policies underlying our precedents":

First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing

claims based on federal law, ... to have the cause heard in state court." *Caterpillar Inc. [v. Williams ], supra,* [482 U.S. 386] at 398–399, 107 S.Ct. 2425 [96 L.Ed.2d 318 (1987) ]. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require. See *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts. See *Franchise Tax Bd., supra,* at 11, 103 S.Ct. 2841.

535 U.S. at 831–32, 122 S.Ct. 1889. Thus, the Supreme Court found that original jurisdiction cannot be based on a federal claim that appears in an original defendant's counterclaim against an original plaintiff. By extension, under § 1441(a), an original defendant may not remove an action based on a federal claim that appears in the original defendant's counterclaim against the original plaintiff. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Calif.,* 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("The well-pleaded complaint rule applies to the original ju-

risdiction of the district courts as well as to their removal jurisdiction.").

■ *Holmes Group* neither explicitly nor implicitly overruled *Carl Heck* because *Carl Heck* did not involve removal by an original defendant. The district and appellate courts in *Carl Heck* examined the question that the Bowlings' remand motion presents to this Court: when an original defendant adds new defendants to an action, may the new defendants exercise the statutory right of removal, even though the original plaintiff's claims against the original defendant are not removable? Section 1441(c)(1)(B) supplies the answer: the new defendants may remove the entire action "if the action would have been removable without the inclusion of the" nonremovable claim. Applying § 1441(c)(1)(B) to the pending action, if the Court disregards the nonremovable claim—WGB's ejectment claim against the Bowlings—the balance of the action is removable. Indeed, all parties concede that if the Bowlings had opted to sue U.S. Bank, Litton and Ocwen in a separate state court action and had pursued the fifteen counts that the Bowlings currently assert against the new defendants, U.S. Bank, Litton and Ocwen could have removed that action to federal court, invoking the Court's original jurisdiction over the Bowlings' federal law claims and asking the Court to exercise supplemental

jurisdiction over the Bowlings' state law claims. 28 U.S.C. §§ 1331, 1367.[6]

Because the new defendants could remove the Bowlings' claims against them in the absence of WGB's ejectment claim, the new defendants may remove the entire action pursuant to the plain language of § 1441(c)(1)(B). Section 1441(c)(2) dictates that upon removal, the Court "*shall* sever from the action all" nonremovable claims "and *shall* remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2) (emphasis added); *see F.D.I.C. ex rel. Colonial Bank v. Banc of America Funding Corp.*, 2013 WL 3968017, *2 (M.D.Ala. Aug. 1, 2013) ("If § 1441(c) does anything clearly, it is to require the severance and remand of nonremovable claims.").[7] Therefore, the Court severs WGB's claims against the Bowlings from the Bowlings' claims against the new defendants, and the Court remands WGB's claims against the Bowlings to state court. The Court retains jurisdiction over the Bowlings' federal and state law claims against the new defendants.

**B. Congress's deletion of the phrase "separate and independent" from § 1441(c).**

WGB urges the Court to remand the entire action, not just the ejectment action. The company reasons that because the Court must remand WGB's claims against

---

**6.** Section 1367 provides:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include

claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

**7.** The "shall" language in § 1441(c)(2) is new. Remand of nonremovable claims was discretionary under earlier versions of § 1441(c)(2). Congress's revisions to § 1441(c) became effective on January 6, 2012. *See* Federal Courts Jurisdiction & Venue Clarification Act of 2011, Pub.L. No. 112–63, 125 Stat. 758. WGB filed this action in state court in November 2012.

the Bowlings, the Court also should remand the Bowlings' claims against the new defendants because "the claims asserted against the New Defendants are not completely disassociated with WGB's ejectment action against the Bowlings." (Doc. 23, p. 6). In support of its position, WGB argues that "the 'separate-and-independent requirement' of section 1441(c) survived" Congress's recent revision of the statute. (Doc. 23, p. 5). The Bowlings agree, asserting that their claims against the new defendants "do not meet the 'separate and independent' requirement necessary for a removal under § 1441(c)." (Doc. 9, pp. 12–13). The Court disagrees.

Here is the rub: when it revised § 1441(c) in the Federal Courts Jurisdiction & Venue Clarification Act of 2011, Congress deleted the phrase "separate and independent" from § 1441(c). On January 5, 2012, § 1441(c) began, "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed...." *Ariail Drug Co., Inc. v. Recomm Intern. Display, Inc.,* 122 F.3d 930, 934 n. 7 (11th Cir.1997). On January 6, 2012, the day that the Clarification Act went into effect, § 1441(c) provided (and still provides):

**Joinder of Federal law and State law claims.**—(1) If a civil action includes—
(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c). The phrase "separate and independent" disappeared from § 1441(c) when Congress revised the statute. As the United States Supreme Court held in another context, "[g]iven this clear language, it would be improper to conclude that what Congress omitted from the statute is nevertheless within its scope." *University of Texas Southwestern Medical Center v. Nassar,* —— U.S. ——, 133 S.Ct. 2517, 2528, 186 L.Ed.2d 503 (2013). Under settled rules of statutory construction, the Court finds that Congress's elimination of the phrase "separate and independent" from § 1441(c) was not a hollow exercise.

The Court in *F.D.I.C. v. Banc of America Securities, LLC,* reached the same conclusion. 2012 WL 2904310 (D.Nev. July 16, 2012). Noting that the FDIC "spill[ed] much ink analyzing the previous version of the removal statute," the court held that "Congress's amendment of the previous iteration of [§ 1441(c) ], and choice to remove the 'separate and independent' language that the previous version [of the statute] employed" rendered the FDIC's arguments moot. *Id.* at *2. The court recognized that " '[w]hen Congress acts to amend a statute, [courts] presume it intends its amendment to have real and substantial effect.' " *Id.* (quoting *Stone v. INS,* 514 U.S. 386, 397, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)).

The *FDIC* court acknowledged the parties' concerns about "the curious outcome

of th[e] court's interpretation of § 1441(c)" that potentially could leave state claims in federal court and related federal claims in state court. Nevertheless, the court found untenable the FDIC's proposed remedy that would require the court to read into the current version of § 1441(c) the former's version's "separate and independent" requirement. The court observed, "[t]he FDIC's argument fails to explain how this court can apply such a construction in light of Congress's clear choice to remove the 'separate and independent' requirement from the text of the amended version of § 1441(c)." 2012 WL 2904310 at *3. The court added:

> [w]hile the court agrees that the application of § 1441(c) has resulted in the bizarre result of remanding a federal claim while retaining jurisdiction over a state law claim, it appears even more bizarre to this court to interpret the removal statute as requiring something which it clearly does not require, and that Congress saw fit to affirmatively remove from the plain text of the statute.

*Id.*[8]

Mirroring the arguments in *FDIC*, WGB and the Bowlings express concern about the inefficiency and impracticality of the simultaneous litigation of WGB's ejectment

action in state court and the Bowlings' federal and state law claims in federal court. All parties recognize that the Bowlings' claims against the new defendants are intertwined with WGB's ejectment action because the Bowlings' claims against the new defendants are designed to defeat WGB's ejectment action by undoing the foreclosure on the Bowlings' home. (*See, e.g.,* Doc. 9, p. 12; Doc. 1–1, p. 130). In theory, the state court ejectment proceedings and the federal court wrongful foreclosure proceedings regarding the Bowlings' property potentially could proceed concurrently; however, on a party's motion, the state court could, for example, stay WGB's state court proceedings against the Bowlings until the Bowlings resolve their claims in federal court. Thus, though some amount of inefficiency may be unavoidable, the courts have available to them tools that they may use to allocate responsibility for resolving the matters pertaining to the foreclosure at issue without wasting time or resources.

More importantly, Congress seems to have decided that it is willing to sacrifice efficiency in exchange for preserving a defendant's statutory right to remove a case to federal court. House Report 112–10 concerning the Clarification Act states:

8. Though it is dicta, the Court in *Lamar v. Home Depot*, 907 F.Supp.2d 1311 (S.D.Ala. 2012), found that Congress's omission of the "separate and independent" phrase from the amended version of § 1441(c) has consequences. The Court explained:

> As it existed at the time *Reed* was decided, Section 1441(c) provided as follows: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

. . .

> [U]nder the former version of Section 1441(c) [a federal court could retain a federal claim despite remand of a state law claim] only if the federal claim was separate and independent from the state claim. Under the recently revised version of Section 1441(c), removal of an action is allowed any time the case contains both a claim under Section 1331 and a claim made non-removable by statute (or that is not within the federal courts' original or supplemental jurisdiction), with the non-removable claim to be severed and remanded.

*Id.* at 1314–15, nn. 5–6 (referring to *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir.2000)).

Section 103(a)(4) of the bill would amend subsection 1441(c) to clarify the right of access to Federal court upon removal for the adjudication of separate Federal law claims that are joined with unrelated state law claims. Subsection 1441(c) presently authorizes a defendant to remove the entire case whenever a "separate and independent" Federal question claim is joined with one or more nonremovable claims. That subsection also states that, following removal, the district court may either retain the whole case or remand all matters in which state law predominates.

Some Federal district courts have declared the provision unconstitutional or raised constitutional concerns because, on its face, subsection 1441(c) purports to give courts authority to decide state law claims for which the Federal courts do not have original jurisdiction. Other courts have chosen simply to remand the entire case to state court, thereby defeating access to Federal court ...

This section of the bill is intended to make changes to better serve the purpose for which the statute was originally designed, namely to provide a Federal forum for the resolution of Federal claims that fall within the original jurisdiction of the Federal courts. The amendment to subsection 1441(c) would permit the removal of the case but require that a district court remand unrelated state law matters. This sever-and-remand approach is intended to cure any constitutional problems while preserving the defendant's right to remove claims arising under Federal law.

2011 WL 484052, *11–12 (citations omitted).[9] In discussing its goal of "preserving the defendant's right to remove claims arising under Federal law," Congress did not distinguish between original defendants and subsequently added defendants.

Through its revision of § 1441(c), Congress endeavored not only to preserve a defendant's right to remove federal law claims but also to protect well-established limits on federal jurisdiction. Congress accomplished the latter purpose by making remand of nonremovable state court claims mandatory. In doing so, Congress coincidentally addressed the policy concerns that animated the Supreme Court's decision in *Holmes Group.* Mandatory remand of nonremovable claims preserves the original plaintiff's choice of forum in a case such as this. Mandatory remand of nonremovable claims also assures that a defendant's removal under § 1441(c) does not expand the class of removable cases. *Holmes Group,* 535 U.S. at 831–32, 122 S.Ct. 1889.

Thus, though simultaneous litigation of WGB's ejectment action in state court and the Bowlings' federal and state law claims against their lender and the mortgage servicing companies in federal court may prove somewhat inefficient, this Court joins the *FDIC* court in concluding that the Court would violate well-settled rules of statutory construction if it were to ignore Congress's elimination of the "separate and independent" requirement from § 1441(c) for the sake of convenience and expediency. Therefore, the Court rejects WGB's request that the Court remand this entire lawsuit to state court. (Doc. 23, p. 8).

## IV. CONCLUSION

Accordingly, this Court SEVERS WGB's ejectment action against the Bowl-

---

**9.** The Court acknowledges that the House Report uses the word "separate," but the Court does not believe that inclusion of this word in the legislative history trumps Congress's deletion of the phrase "separate and independent" from the statute.

ings' from the Bowlings' claims against the newly added defendants. The Court RE-MANDS WGB's ejectment action to the Circuit Court of Jefferson County, Alabama, Birmingham Division. The Court RETAINS jurisdiction over the Bowlings' federal and state law claims against the new defendants.

Pursuant to 28 U.S.C. § 1292(b), the Court finds that this order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order [would] materially advance the ultimate termination of the [federal] litigation" if the Eleventh Circuit Court of Appeals were to disagree with this Court's interpretation of the current iteration of § 1441(c).[10] In addition, though this Court believes that the Clarification Act bolsters the *Carl Heck* decision, the Court recognizes that debate remains concerning the continued viability of that binding precedent.[11] Therefore, the Court concludes that the conditions for interlocutory appeal are met. Fed. R.App. P. 5.[12]

---

**10.** *See, e.g., F.D.I.C. ex rel. Colonial Bank v. Banc of America Funding Corp.,* 2013 WL 3968017, *2 (M.D.Ala. Aug. 1, 2013) (finding that "the separate-and-independent requirement [of § 1441(c)] survived the recent amendment [of § 1441(c)] intact.").

**11.** *Compare Karp v. Am. Law Enforcement Network, LLC,* 2011 WL 6963254, at *2 (S.D.Ala. Nov. 18, 2011) (the "position staked out by the Fifth Circuit in *Carl Heck* is in the minority (and has been roundly criticized)"), adopted by 2012 WL 38161 (S.D.Ala. Jan. 6, 2012); *Moss Land & Mineral Corp. v. Fid. & Cas. Co. of New York,* 2003 WL 21360803, at *3 (N.D.Ala. June 6, 2003) ("In this court's opinion [§ 1441(c)'s 1990 amendment] wiped out *Carl Heck.* In fact, *Carl Heck* may have been a cause, if not the precipitating reason, for the Congressional tightening of the removal loophole that had been created by the Fifth Circuit in *Carl Heck.*"); *Alfa Mut. Ins. Co. v. Nicholson,* 2014 WL 903126 at *3, n. 4 (M.D.Ala. March 7, 2014) ("*Compare Deutsche Bank Nat. Trust Co. v. Baxter,* [969 F.Supp.2d 1337, 1343–44] 2013 WL 5229994, at *5–7 [*5–6] (N.D.Ala. Sept. 18, 2013) (recognizing that, under *Carl Heck's* binding precedent, removal by a third-party defendant is permissible in this Circuit, but declining to follow the Fifth Circuit's non-binding decision in *State of Tex. by and through Bd. of Regents of Univ. of Tex. Sys. v. Walker,* 142 F.3d 813, 916 [816] (5th Cir.1998), which extended *Carl Heck* holding to include counter defendants, finding "it unlikely that the Eleventh Circuit would extend *Carl Heck* to include counterclaim defendants" and that this was "espe-

cially true where, as here, the underlying claims have not been severed"), *and Citibank (S. Dakota), N.A. v. Duncan,* 2:09–cv–868–WKW, 2010 WL 379869, at *2 (M.D.Ala. Jan. 25, 2010) ("Although *Carl Heck* is binding authority as to removals by third-party defendants, *Walker* is not.... The Eleventh Circuit has yet to decide whether § 1441(c) encompasses removals by counter-defendants, and given the divisiveness among other courts as to the underlying conclusion reached in *Carl Heck,* the court is persuaded that the better course is to remand, rather than to guess what this circuit might hold if presented with the unsettled issue of whether *Carl Heck* should be extended to removals by counter-defendants."), *with Mace Sec. Intern., Inc. v. Odierna,* No. 08–cv–60778, 2008 WL 3851839, at *4 (S.D.Fla. Aug. 14, 2008) (finding the Fifth Circuit's decision in *Walker* to be persuasive and extending *Carl Heck* to include counterclaim defendant removals), *and North Star Capital Acquisitions, LLC v. Krig,* 2007 WL 3522425, at *1 n. 3 (M.D.Fla. Nov. 15, 2007) ("Unlike *Carl Heck, Walker* is not binding in the Eleventh Circuit. However, the *Walker* holding to allow removal by counterclaim defendants is simply a natural extension of the *Carl Heck* rule by which this Court is bound."). In short, the law in this Circuit is not clear on whether removal is proper by counterclaim defendants ...").

**12.** In finding that this order satisfies the conditions for interlocutory appeal, the Court does not mean to suggest that it has doubts about jurisdiction that would require it to

remand the entire action to state court. The Court has studied the remand issues in this case thoroughly and is convinced of its disposition of those issues. Nevertheless, the Court acknowledges that remand decisions in cases such as this run the gamut. Because remand orders ordinarily are not appealable, the Court's decision in this case presents an opportunity for the Eleventh Circuit Court of Appeals to provide direction to the district courts in the Circuit if the Court of Appeals wishes to entertain an interlocutory appeal.