812 F.2d 640
 6 Fed.R.Serv.3d 1319, 38 Ed. Law Rep. 42
 UNITED STATES of America, Plaintiff/Third-Party-Defendant/Appellee,
v.
Jose L. OLAVARRIETA, Defendant/Third-Party Plaintiff/Appellant,
The Board of Regents of the Division of Universities of the
Florida Dept. of Education, and the University of
Florida, Third-Party Defendants/Appellees.
 Nos. 86-5113, 86-5263 and 86-5303
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 22, 1987.
 
 Jose L. Olavarrieta, pro se.
 Arthur C. Wallberg, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., Leon B. Kellner, U.S. Atty., Blanton B. Allen, Asst. U.S. Atty., Miami, Fla., for U.S.
 Appeals from the United States District Court for the Southern District of Florida.
 Before GODBOLD, VANCE and JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States, as guarantor of Jose Olavarrieta's federally insured student loans totaling $4,000, filed suit against Olavarrieta in order to collect the unpaid balance and interest on the loans. Inter-National Bank of Miami made the loans to Olavarrieta under the Federal Insured Student Loan Program, Title IV-B of the Higher Education Act of 1965, 20 U.S.C.A. Secs. 1071-88. After Olavarrieta defaulted on the loans, the bank sought payment from the government. The government paid off Olavarrieta's liability to the bank and then sought reimbursement from Olavarrieta by filing this suit.
 
 
 2
 Olavarrieta filed a third party complaint against the University of Florida, claiming that it had violated the Higher Education Act of 1965 and had breached its contract with him by failing to award him a J.D. degree. Olavarrieta amended this complaint to add the Board of Regents of the Division of Universities of the Florida Department of Education as a third party defendant and to add a claim for indemnification by the third party defendants for any sums he was found to owe the government. The district court granted the University of Florida's motion to dismiss, finding that the University of Florida lacks the capacity to be sued in its own name, that service of process had been insufficient, that any claim was barred by any applicable statute of limitations, and that the complaint failed to state a claim on which relief could be granted. In a separate order, the district court granted the Board of Regents' motion to dismiss, finding that any claim was barred by the statute of limitations and that the complaint failed to state a claim on which relief could be granted. Olavarrieta immediately appealed both orders.
 
 
 3
 The United States moved for summary judgment, alleging that it was undisputed that Olavarrieta owed the money and that none of his defenses were applicable. Olavarrieta argued that the statute of limitations had expired. He did not contest that he had borrowed the money and signed the promissory notes therefor. The district court granted the government's motion for summary judgment but without setting an amount to which the government was entitled. Instead, the court directed the government to submit a proposed final judgment within ten days. Olavarrieta immediately appealed this order as well. After receiving the government's proposed judgment, the district court entered final judgment in favor of the United States, 632 F.Supp. 895. Olavarrieta filed a timely notice of appeal to the entry of the final judgment. All three appeals were consolidated in this proceeding.
 
 
 4
 In deciding this case, we find first that this Court has jurisdiction over the appeal challenging the district court's orders dismissing the third party complaint. Admittedly the orders were not final judgments, and Olavarrieta prematurely filed the notice of appeal. However, because the orders completely dismissed the claims against the University of Florida and the Board of Regents, they were amenable to certification under Fed.R.Civ.P. 54(b). In re Yarn Processing Patent Validity Litigation, 680 F.2d 1338, 1339-40 (11th Cir.1982). Therefore, the subsequent entry of a final judgment in the case established jurisdiction in this Court without Olavarrieta having to file a new notice of appeal as to those orders. Robinson v. Tanner, 798 F.2d 1378, 1382-85 (11th Cir.1986); Jetco Electronic Industries, Inc. v. Gardiner, 473 F.2d 1228, 1229-31 (5th Cir.1973).
 
 
 5
 This Court also possesses jurisdiction to review the district court's order granting summary judgment in favor of the government. The order granting the government summary judgment on the issue of liability only was not a final judgment, and because it did not dispose entirely of the government's claim against Olavarrieta, it was not amenable to certification under Rule 54(b). Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 742-44, 96 S.Ct. 1202, 1205-07, 47 L.Ed.2d 435 (1976). Therefore, the subsequent entry of the final judgment did not cure the premature filing of a notice of appeal regarding that order. Robinson, 798 F.2d at 1382-85; United States v. Taylor, 632 F.2d 530, 531 (5th Cir.1980). However, the notice of appeal filed after entry of the final judgment determining damages vests this Court with jurisdiction to review the grant of summary judgment even though the premature notice did not do so. McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir.1981), cert. denied, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982).
 
 
 6
 Having determined that this Court has jurisdiction, we go on to hold that the district court properly dismissed the third party complaint against the University of Florida. The capacity to be sued is determined by state law. Fed.R.Civ.P. 17(b). Under Florida law, the University of Florida is not endowed with an independent corporate existence or the capacity to be sued in its own name. Rather, those characteristics are bestowed on the Board of Regents as the head of Florida's university system. Fla.Stat.Ann. Secs. 240.2011 and 240.205(4); Byron v. University of Florida, 403 F.Supp. 49, 54 (N.D.Fla.1975). Therefore, the University of Florida is not a proper party in this action, and the district court was correct in dismissing the third party complaint asserted against it.[1]
 
 
 7
 The district court was also correct in dismissing the third party complaint against the Board of Regents. Olavarrieta simply has failed to state any legal or factual grounds for indemnification. Furthermore, to the extent the third party complaint seeks relief on account of the University's failure to award Olavarrieta a J.D. degree as promised, it does not set forth proper grounds for a third party claim under Fed.R.Civ.P. 14(a). Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim. Southeast Mortgage Company v. Mullins, 514 F.2d 747, 749-50 (5th Cir.1975); United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751-52 (5th Cir.1967). Olavarrieta's third party claim alleging breach of contract or fraud on account of the University of Florida's failure to award him a J.D. degree as promised is a separate and independent action from the government's action against him. Whether Olavarrieta is entitled to any relief on this claim is wholly independent of his liability to the government for defaulting on his student loans. Therefore, Olavarrieta has failed to state any appropriate grounds for maintaining a third party complaint against the Board of Regents.[2]
 
 
 8
 Olavarrieta also alleges a conspiracy between the Board of Regents and the United States to violate his civil rights. These conclusory allegations lack any factual basis and are therefore frivolous. See Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir.1984) (conclusory, vague and general allegations are insufficient to support a civil rights action alleging conspiracy). Furthermore, Olavarrieta failed to raise this claim before the district court in either his answer or his third party complaint. He may not raise it for the first time on appeal. Allen v. Alabama, 728 F.2d 1384, 1387 (11th Cir.1984).
 
 
 9
 Finally, the district court was correct in granting summary judgment in favor of the government. As observed above, Olavarrieta did not deny that he had borrowed the federally insured money and that he had signed the promissory notes therefor. Instead, he argued that the statute of limitations had expired. Actions brought by the United States seeking money damages on account of a breach of contract are governed by a six year statute of limitations. 28 U.S.C.A. Sec. 2415(a). Olavarrieta contends that the cause of action accrued when the government became holder-in-due-course of the promissory notes--February 7, 1979. Therefore, he argues, the statute of limitations had expired by the time the government commenced this suit--February 15, 1985. However, courts have consistently ruled that the government's cause of action accrues when the government pays the lender. United States v. Tilleraas, 709 F.2d 1088, 1092 (6th Cir.1983); United States v. Frisk, 675 F.2d 1079, 1081-83 (9th Cir.1982); United States v. Bellard, 674 F.2d 330, 337 (5th Cir.1982). Such a rule comports with the general rule that a surety's cause of action for indemnity or reimbursement does not accrue until payment of the principal's liability. ITT Rayonier, Inc. v. Southeastern Maritime Co., 620 F.2d 512, 514 (5th Cir.1980). It is undisputed that the government satisfied Olavarrieta's liability to the bank on March 3, 1979; therefore, the district court properly concluded that the action was not barred by the statute of limitations.
 
 
 10
 Olavarrieta's argument that the government was not entitled to relief because the loan was illegal is without merit. Olavarrieta contends that the program in which he participated at the University of Florida School of Law was not qualified to receive funds under the Higher Education Act. However, the Act defines eligible institutions as those providing post-secondary-education leading toward a degree or recognized occupation. 20 U.S.C.A. Sec. 1085. Olavarrieta received the loans in order to enroll in the Cuban American Lawyers' Institute ("CALI") program offered at the University of Florida. The CALI program was open to Cuban refugees who had practiced law in Cuba in order to qualify them to sit for the Florida bar examination. Therefore, the CALI program satisfies the Act's definition of an eligible institution. That Olavarrieta was not entitled to practice law in Florida until he passed the Florida bar examination does not mean that the CALI program was not a qualified program under the Higher Education Act.
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Because the district court properly dismissed the third party complaint against the University of Florida on the grounds that the University of Florida lacked the capacity to be sued under state law, we need not address whether service of process was improper, whether Olavarrieta's claim was time barred, or whether the complaint failed to state a claim upon which relief could be granted
 
 
 [2]
 Because the claim asserted against the Board of Regents in the third party complaint could not be raised under Rule 14(a), we need not address whether Olavarrieta's claim against the Board of Regents is barred by the statute of limitations