16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ervin B. JOHNSON, Defendant-Appellant.
 No. 93-1961.
 United States Court of Appeals, Sixth Circuit.
 Jan. 20, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ervin B. Johnson, a Michigan resident, appeals pro se a district court grant of summary judgment for the United States in this action to collect on defaulted student loans. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson received loans totalling approximately $78,000.00 between the years 1983 and 1986, under the Health Education Assistance Loans (HEAL) program, while he was attending various schools of podiatry. He was to have begun repayment in February, 1988, but made no payments. The Department of Health and Human Services insured and paid the loans, and the United States instituted this action to collect the debt. Johnson filed an answer objecting that he believed he had discharged the debt in a 1988 bankruptcy. He also vaguely asserted that fraudulent and discriminatory practices by the schools he attended provided him a defense. The district court granted the United States' motion for summary judgment. On appeal, Johnson argues that he was entitled to a hearing in the district court and that malpractice by his bankruptcy attorney should excuse the debt. He also continues to argue his charges of fraud and discrimination by the schools he attended.
 
 
 3
 Upon review, it is concluded that no hearing was required in the district court, and the United States was properly granted summary judgment, as there is no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 4
 Johnson's student loan debts were not discharged in his 1988 bankruptcy. According to 42 U.S.C. Sec. 292f(g) (formerly Sec. 294f(g)), a loan obtained under the HEAL program cannot be discharged in bankruptcy until five years after payments began to be due.* See United States v. Wood, 925 F.2d 1580, 1582 (7th Cir.1991) (per curiam). Johnson filed for bankruptcy in the same year that his repayments were to have started.
 
 
 5
 Furthermore, Johnson's assertions of claims against the schools he attended for fraud and discrimination, and against his bankruptcy attorney for malpractice, are wholly independent of his liability for the defaulted loans. See United States v. Olavarrieta, 812 F.2d 640, 644 (11th Cir.) (per curiam), cert. denied, 484 U.S. 851 (1987); United States v. Robbins, 819 F.Supp. 672, 679 (E.D.Mich.1993).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 Effective June 10, 1993, the statute was amended to extend the period from five years to seven years