# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-2289

_____

Fidelity National Title Insurance
Company of New York, a New
York corporation,

            Appellee,

    v.

National Title Resources
Corporation, a Minnesota
corporation,

            Appellant.

\*
\*
\*
\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    District of Minnesota.
\*
\*
\*
\*
\*

_____

Submitted: February 12, 2001
Filed: August 16, 2001

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and KORNMANN,[1]
    District Judge.

_____

HANSEN, Circuit Judge.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

National Title Resources Corporation (National) appeals the district court's[2] grant of summary judgment in favor of Fidelity National Title Insurance Company (Fidelity) in this breach of contract case. We affirm.

I.

Fidelity and National entered into an issuing agency agreement (agency agreement) on July 1, 1994. By this agreement, National, a Minnesota based company, issued title insurance policies underwritten by Fidelity, a New York corporation. The agency agreement required National to maintain fiduciary funds in escrow accounts and provided that either party could terminate the agreement without cause upon 30 days notice or that Fidelity, in its sole discretion, could terminate the agreement at any time in the event of default. The agency agreement defined events of default to include deficiencies in National's trust accounts or its failure to perform any conditions or obligations of the agreement. Fidelity discovered shortages in National's escrow accounts, and as a result the parties entered into another agreement on March 29, 1995, to address those shortages (March agreement). In the March agreement, National admitted to defaulting under the agency agreement and agreed to secure a note payable to Fidelity to reimburse the escrow shortages as well as to disclose bank account records, turn over escrow-related banking responsibilities, and cooperate with accounting and auditing procedures. On June 20, 1995, Fidelity terminated the agency agreement with National, stating that National had not turned over all escrow-related banking responsibilities and had not made up the escrow shortages.

Fidelity brought suit against National for breach of contract, negligence, conversion, and breach of a personal guarantee. National counterclaimed for breach of contract by Fidelity and for various torts. The jury found that National had breached

---

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

the agency agreement and was negligent in its handling of three real estate transactions, awarding damages of $233,781.11 and $208,867.77, respectively. The jury also found that Fidelity had breached the agency agreement and awarded National damages in the amount of $566,000 on its counterclaim. The district court granted Fidelity's motion for new trial on the issues of whether Fidelity had breached the agency agreement when it terminated National, and if so, what damages were sustained by National. The district court vacated the $566,000 counterclaim judgment in favor of National. During further discovery in preparation for the new trial, National announced that it would not offer any new evidence on the issue of Fidelity's liability. Fidelity then filed a motion for summary judgment, and the district court granted the motion and dismissed National's counterclaim for breach of contract. National appeals.

## II.

We review the grant of summary judgment de novo. Coplin v. Fairfield Pub. Access Television Comm., 111 F.3d 1395, 1401 (8th Cir. 1997). In conducting our review, we evaluate the record in the light most favorable to the nonmoving party. Id. Summary judgment is appropriate only when there is "'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

National asserts that the district court erred in granting Fidelity's motions for new trial and for summary judgment because Fidelity waived its right to terminate the agency agreement when it entered into the March agreement and, by terminating the agency agreement, Fidelity breached its contract with National. We disagree. Nothing in the March agreement indicates any obligation on the part of Fidelity to refrain from terminating the agency agreement, nor does it waive Fidelity's rights to terminate the agency agreement for the defaults already admitted to by National in the March agreement. The March agreement appears to be simply an attempt to offer security to Fidelity after an acknowledgment by National that National had defaulted under the

agency agreement. The March agreement itself was sufficient evidence for the jury to conclude that National had breached the agency agreement, thus giving Fidelity the right to terminate without notice. In addition, the president of National, Joel Holstad, admitted in a letter to Fidelity dated January 13, 1995, that shortages in the escrow account existed. (See Appellee's Add. at 26). These shortages gave Fidelity cause to terminate the agency agreement immediately. However, the fact that Fidelity entered into the March agreement does not support the jury's finding that Fidelity also breached the agency agreement. Unlike National, Fidelity did not acknowledge in the March agreement that it had breached the agency agreement. Additionally, National did not argue to the jury that Fidelity breached the agency agreement prior to entering into the March agreement. National's admitted default of the agency agreement constituted a breach of the agreement which gave Fidelity the right to terminate. The fact that Fidelity gave National the opportunity to correct its default by entering into the March agreement did not waive Fidelity's right to terminate, nor did it waive National's default. Fidelity's termination of the agency agreement in response to National's default did not constitute a breach of contract. The jury's verdict on the counterclaim was seriously erroneous and a miscarriage of justice; as a result, the district court's grant of the motion for new trial in this situation was proper. See Leichihman v. Pickwick, Int'l, 814 F.2d 1263, 1267 (8th Cir.), cert. denied, 484 U.S. 855 (1987). Once National made it known that it did not intend to offer any new evidence of a breach of the agency agreement by Fidelity, the district court properly granted Fidelity's motion for summary judgment, and Fidelity was entitled to judgment as a matter of law.

National also asserts that Fidelity was not entitled to indemnity for claims without a tender of defense and without allowing National to participate in the claims resolution process. The agency agreement specifically provided that National would be liable for all losses attributable to National's negligence and that Fidelity would have the authority to defend, settle, or dispose of any claims. Although not required to do so by the agency agreement, Fidelity did in fact offer a tender of defense to National

4

by letter dated January 10, 1996. (See Appellant's App. at 332.) The agency agreement gave Fidelity the sole authority to dispose of claims, and this authority is stated in clear and unequivocal terms and, thus, comports with public policy. See Oster v. Medtronic, Inc., 428 N.W.2d 116, 118 (Minn. Ct. App. 1988).

Finally, National contends the district court erred in allowing an award of attorneys' fees to Fidelity and asserts that because it received a greater jury award than Fidelity, that National was the prevailing party. We disagree. Section 14(a) of the agency agreement specifically required National to pay all attorneys' fees and expenses incurred in enforcing the agreement, regardless of whether National was the prevailing party. (See Appellant's App. at 150.) Additionally, we fail to see how National can be viewed as the prevailing party in light of the district court's order vacating the jury award to National and the grant of Fidelity's motion for summary judgment.

III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5