# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3520

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Galen L. Green, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 11, 2002
Filed: October 11, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Galen Green appeals the district court's[1] adverse grant of summary judgment
in this action brought by the United States to recover on Green's defaulted student
loan. Having reviewed the record de novo, see Fidelity Nat'l Title Ins. Co. v.
National Title Res. Corp., 261 F.3d 758, 760 (8th Cir. 2001), cert. denied, 122 S. Ct.
1068 (2002), we affirm.

_____

[1] The Honorable Fernando J. Gaitan, Jr., United States District Judge for the
Western District of Missouri.

In August 1983 Green executed a Guaranteed Student Loan (GSL) promissory note for $5,000; he defaulted on the note in April 1985, the note was assigned to the Department of Education in October 1991, and he has never made any voluntary payment on the note. Green does not dispute these facts.

The government filed this action in April 2000. Green answered that the school he attended had defrauded him in June 1984 by suspending him without due process; that the school's fraud prevented him from earning a living as a minister, which prevented him from repaying the note; and that the school's fraud excused his obligation under the note. The district court granted the government's subsequent motion for summary judgment, reasoning that Green's obligation under the note was not in dispute and that the school's alleged fraud was not a defense to that obligation.

We agree with the district court that there were no material facts in dispute. See United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir.) (per curiam) (summary judgment properly granted where defendant did not deny borrowing federally insured student loan money), cert. denied, 484 U.S. 851 (1987). We conclude that Green has not presented a valid defense to his student loan obligation. See 34 C.F.R. § 682.100(c) (1983) (student's obligation to repay Guaranteed Student Loan is cancelled only if student dies or becomes disabled or if loan is discharged in bankruptcy); Armstrong v. Accrediting Council for Continuing Educ. and Training, Inc., 168 F.3d 1362, 1370-71 (D.C. Cir. 1999) (no regulatory procedures provide relief to students who borrowed under GSL program prior to 1992 to attend schools that falsely reported accreditations or engaged in other misconduct), cert. denied, 528 U.S. 1073 (2000). Last, we agree with the court and the government that Green's obligation to the Department of Education is separate and distinct from--and unaffected by--whatever obligations the school owed to Green and may have breached. See Olavarrieta, 812 F.2d at 643 (whether defendant is entitled to any relief on separate claim against former school is independent of liability under defaulted student loans).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.