Fredy D. OSORIO, Plaintiff,

v.

STATE FARM BANK, F.S.B., Defendant.

No. 11–61880–CIV.

United States District Court,
S.D. Florida.

Dec. 21, 2011.

Donald A. Yarbrough, Fort Lauderdale, FL, for Plaintiff.

Aaron S. Weiss, Paul L. Nettleton, Carlton Fields, P.A., Miami, FL, for Defendant.

### ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Defendant State Farm Bank, F.S.B.'s ("State Farm"), Motion for Leave to File Third–Party Complaint (DE 11) ("Motion"), filed December 19, 2011. I have reviewed the record and am otherwise fully advised in the premises.

On August 23, 2011, Plaintiff Fredy D. Osorio ("Osorio") instituted this action against State Farm, alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) ("TCPA"). (*See* DE 1 at 2). In the instant Motion, State Farm states that the calls it made to Osorio were "made for the purposes of collecting valid debts" from a State Farm customer, Clara Betancourt ("Betancourt"). (*See* DE 11 at 1). State Farm claims that Betancourt, a third-party, gave State Farm a cell phone number ("Number"), which she purportedly "warranted, promised[,] and represented to State Farm" belonged to her. (*See* DE 11 at 2). Allegedly, Betancourt, in an attempt to induce State Farm to "enter into a credit card agreement with her and extend her credit", told State Farm that it "could lawfully call the [N]umber to discuss her account." (*See* DE 11 at 2). In his Complaint, however, Osorio avers that the Number belongs to him, and State Farm violated the TCPA by calling him. (*See* DE 1).

In the instant Motion, State Farm explains that it learned through informal discovery and its own investigation that the calls made to Osorio "were made for the purposes of collecting" Betancourt's debts. (*See* DE 11 at 2). After discovering this information, State Farm filed the instant Motion, in which it seeks the Court's permission to add Betancourt as a Third–Party Defendant to this action. State Farm argues that impleader is proper pursuant to Federal Rule of Civil Procedure 14 because Betancourt agreed, warranted, promised, and represented to State Farm that the Number belonged to her. (*See* DE 11 at 2).

Rule 14 of the Federal Rules of Civil Procedure provides that a defending party may "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R.Civ.P. 14(a)(1). However, when a defendant intends to file a third-party complaint

more than fourteen days after serving its original answer, as is the case here, the defendant must obtain the court's leave before filing the third-party complaint. *See* Fed.R.Civ.P. 14(a)(1). "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *United States v. Olavarrieta,* 812 F.2d 640, 643 (11th Cir.1987); *see also United States v. Joe Grasso & Son, Inc.,* 380 F.2d 749, 751 (5th Cir.1967) ("[F]or impleader to be available[,] the third-party defendant must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff"). The Rule is intended to permit "a defending party to join an absentee for the purpose of deflecting to that absentee all or part of its potential liability to the plaintiff on the underlying claim." 3 JAMES WILLIAM MOORE ET AL., MOORE'S FEDERAL PRACTICE § 14.03[1] (3d ed. 2009).

■ State Farm represents that it will file a Third–Party Complaint against Betancourt for common law indemnification and contractual indemnification because State Farm called the Number Betancourt provided in a valid effort to collect a valid debt. (*See* DE 11 at 2). After considering State Farm's Motion, I find that impleader under Rule 14(a) is appropriate because State Farm's claims against Betancourt are based on Osorio's claim against State Farm. State Farm's claims for common law indemnification and contractual indemnification are not separate and independent claims arising out of the same facts as Osorio's claim against State Farm. *See Olavarrieta,* 812 F.2d at 643 (denying third-party claim under Rule 14(a) and explaining that the Rule does not allow a third-party plaintiff to assert a separate and independent claim against a third-party defendant simply because it shares the same general set of facts as the main claim); *see also Southeast Mortgage Co. v. Mullins,* 514 F.2d 747, 749 (5th Cir.1975) (impleader is appropriate when the third-party defendant's potential liability depends on the outcome of the main claim). Here, impleader is "proper-

ly used to reduce litigation by having one lawsuit do the work of two," *Joe Grasso & Son, Inc.,* 380 F.2d 749, 752, and, accordingly, State Farm's Motion will be granted.

■ Via its Third–Party Complaint, State Farm also seeks to add claims against Betancourt for breach of contract, negligent misrepresentation, account stated, and open account. (*See* DE 11 at 2). State Farm argues that Betancourt is liable for the amount due under the credit card account, and should be liable for negligently misrepresenting her number to State Farm, which exposed State Farm to potential liability under the TCPA. (*See* DE 11 at 6). These claims are proper under Rule 18 of the Federal Rules of Civil Procedure, which provides "[a] party asserting a ... third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). Additionally, this Court may properly exercise subject matter jurisdiction over the claims State Farm alleges against Betancourt in the Third–Party Complaint. This Court has diversity jurisdiction over the underlying TCPA claim in this action, pursuant to 28 U.S.C. § 1332, and will have supplemental jurisdiction over the claims alleged by State Farm against Betancourt pursuant to 28 U.S.C. § 1367(a). Section 1367(a) states:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*

28 U.S.C. § 1367(a) (emphasis added). Accordingly, this Court may properly exercise supplemental jurisdiction over the claims raised in the Third–Party Complaint, and, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Leave to File Third–

**674**

Party Complaint (DE 11) is **GRANTED.** Defendant shall file its Third–Party Complaint on or before **Thursday, December 29, 2011.**