AURORA LOAN SERVICES, LLC, Plaintiff,

v.

Carthenia W. JEFFERSON, Defendant.

Federal National Mortgage Association, Sirote & Permutt, PC, Nationstar Mortgage, QBE First Insurance Agency, Inc., Balboa Insurance Company, and QBE Americas, Inc., Counter-Defendants

Case No.: 2:16–CV–78–VEH

United States District Court,
N.D. Alabama, Southern Division.

Signed April 14, 2016

Shaun K. Ramey, Sirote & Permutt PC, Birmingham, AL, for Plaintiff.

Kenneth J. Lay, Rhonda Steadman Hood, Hood & Lay LLC, Birmingham, AL, for Defendant.

Kevin A. Rogers, Kelly D. Simpkins, Wells Marble & Hurst, PLLC, Ridgeland, MS, Ginny Willcox Leavens, Gregory C. Cook, Michael Paul Taunton, Balch & Bingham LLP, Stephen B. Porterfield, Sirote And Permutt PC, Birmingham, AL, Amanda M. Beckett, Rubin Lublin, LLC, Oxford, MS, Brett Jacob Chaness, Rubin Lublin LLC, Peachtree Corners, GA, for Counter–Defendants.

### ORDER REMANDING CASE

VIRGINIA EMERSON HOPKINS,
United States District Judge

## I. INTRODUCTION AND PROCEDURAL HISTORY

This procedurally complex civil action was originally filed on December 14, 2011, in the Circuit Court of Jefferson County, Alabama, by the Plaintiff, Aurora Loan Services, LLC ("Aurora"), against the Defendant, Arthenia W. Jefferson. (Doc. 1–1 at 1). The Complaint alleged that Aurora, as holder of Jefferson's mortgage, foreclosed upon Jefferson when Jefferson defaulted on her payments. (Doc. 1–1 at 4, 5). As a result of the foreclosure sale, a foreclosure deed, vesting title in Aurora, was executed and recorded. (Doc. 1–1 at 5). According to the Complaint, "[a]fter the foreclosure sale, ... Jefferson made payments towards the ... [m]ortgage and [Aurora] accepted and applied [those] payments towards the loan under the terms of the ... [m]ortgage." (Doc. 1–1 at 5). The Complaint asked the state court to declare that the foreclosure deed was null, void, and of no legal effect (Count One), and to declare that the mortgage was an existing, valid, and enforceable lien (Count Two).

On May 11, 2012, Jefferson filed an Answer and Counterclaim. (Doc. 1–1 at 51). The Counterclaim not only asserted claims against Aurora, as the original Plaintiff/Counterclaim Defendant, but also joined as Counterclaim Defendants Federal National Mortgage Association ("Federal"), and Sirote & Permutt, PC ("Sirote")– two entities which were not original parties to this action. According to the Counterclaim, Aurora "wrongfully foreclosed on [the] property," Sirote "handled the foreclosure sale," and Federal "bought the property at the foreclosure sale ... despite knowing that the ... sale was wrongful and invalid [and] filed an ejectment suit against Jefferson." (Doc. 1–1 at 55). Sirote also "filed the [ejectment] lawsuit" for Federal. (Doc. 1–1 at 55).[1]

---

1. Against Aurora, the Counterclaim set out counts for: negligence (Count One), wantonness (Count Four), unjust enrichment (Count Seven), wrongful foreclosure (Count Eight), slander of title (Count Ten), breach of contract (Count Eleven), fraud (Count Twelve), violations of the Fair Debt Collection Practices Act (the "FDCPA") (Count Thirteen), false light (Count Fourteen), and defamation, libel, and slander (Count Fifteen—incorrectly labeled as a duplicate Count Fourteen). Against Federal, the Counterclaim sets out counts for negligence (Count Three), wantonness (Count Six), and abuse of process (Count Nine). Against Sirote, the Counterclaim sets

On December 12, 2012, by consent order, the relief requested in the original Complaint was granted. (Doc. 1–2 at 116–117). On August 13, 2012, all counterclaims against Sirote were dismissed. (Doc. 1–2 at 65). On November 19, 2015, the Circuit Court entered an order which dismissed "[a]ll claims and counterclaims asserted between Aurora ... and ... Jefferson." (Doc. 1–9 at 427, 453). At that point, the only remaining claims were the counterclaims asserted by Jefferson against Federal.

Thereafter, on December 11, 2015, Jefferson filed an Amended Counterclaim which added, as Counterclaim Defendants, Nationstar Mortgage ("Nationstar"), QBE First Insurance Agency, Inc. ("QBE First"), Balboa Insurance Company ("Balboa"), and QBE Americas, Inc. ("QBE Americas").[2] In addition to the allegations contained in the original Counterclaim, the Amended Counterclaim alleges that, when Jefferson's property was originally foreclosed upon and sold, Jefferson's insurer, ALFA, "cancelled her homeowner's insurance policy ...because it said she had no insurable interest." (Doc. 1–9 at 495). In June 2010, Aurora "force-placed insurance on the property ... with Balboa ... QBE First ... and QBE Americas." (Doc. 1–9

at 495). Thereafter, Jefferson's home was burglarized, and she suffered storm damage from tornados. (Doc. 1–9 at 495). On August 1, 2012, Nationstar became the servicer of the loan. (Doc. 1–9 at 496). Jefferson has made claims on the insurance policies on the property. She alleges that some but not all of her claims were honored, but that the claim checks had to be paid to Nationstar. She claims to have never received any insurance proceeds, and insists that no repairs have been made.

In addition to various state law claims [3], Jefferson alleges that all Counterclaim Defendants violated: the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and the regulations thereto ("TILA") (Count Fourteen); and the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") (Count Sixteen). The Amended Counterclaim also alleges that Nationstar violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") (Count Fifteen). Based on these counts, the Counterclaim Defendants removed the case to this Court on January 15, 2016, alleging federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 1).

out counts for negligence (Count Two) and wantonness (Count Five).

**2.** Sirote is named in the caption of this pleading. Also, the Amended Counterclaim sets out counts for negligence (Count Two) and wantonness (Count Five) against Sirote. However, Sirote is not described as a "party" in the body of the Amended Counterclaim. Further, the motion to remand (which is filed by the Counterclaim Plaintiff) refers to only Balboa, QBE First, and QBE Americas as "Counter–Defendants." (Doc. 17 at 2). The Notice of Removal notes that Sirote has not been served with the Amended Counterclaim, and insists that it "is no longer a party to this proceeding." (Doc. 1 at 2, n. 1). It appears to the court that all references to Sirote were merely a drafting error. Accordingly, the

Court will not include Sirote as a party at this juncture.

**3.** Against Nationstar and Federal, the Amended Counterclaim sets out counts for: negligence (Count One), wantonness (Count Four), unjust enrichment (Count Seven), and breach of contract (Count Nine). Against Federal alone, the Amended Counterclaim sets out counts for: negligence (Count Three), wantonness (Count Six), and abuse of process (Count Eight). Against all Counterclaim Defendants, the Amended Counterclaim sets out counts for: breach of contract (Count Ten), fraud (Count Eleven), unfair and deceptive trade practices (Count Twelve), and breach of the covenant of good faith and fair dealing (Count Thirteen).

The case comes before the Court on Jefferson's motion to remand. (Doc. 17). For the reasons stated herein, the motion will be **GRANTED.**

## II. STANDARD FOR REMAND

■ "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See, City of Vestavia Hills v. Gen. Fid. Ins. Co.,* 676 F.3d 1310, 1313 (11th Cir.2012) ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citation omitted).

■ "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir.2005) (citation omitted); *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir.2001).

That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal. *Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 827 (S.D.Texas 1981); *Jennings Clothiers of Ft. Dodge, Inc. v. U.S. Fidelity & Guaranty Co.,* 496 F.Supp. 1254, 1255 (D.Iowa 1980); *Fort v. Ralston Purina Company,* 452 F.Supp. 241, 242 (E.D.Tenn.1978).

*Parker v. Brown,* 570 F.Supp. 640, 642 (D.C.Ohio 1983)

While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen,* that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any postpetition affidavits are allowable only if relevant to that period of time." *Allen,* 63 F.3d [1326,] at 1335 [ (5th Cir.1995) ].

*Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir.2000).

## III. ANALYSIS

The Counterclaim Defendants have removed this case pursuant to 28 U.S.C. § 1441(a) and (c). The Court will address each section in turn.

### A. The Counterclaim Defendants Are Not "Third Party Defendants" or "Defendants"

■ First, however, because the Counterclaim Defendants argue that they may actually be "third-party defendants," or simply "defendants," the Court must address the classification of the removing parties in this case.

It has been noted:

[T]he " '[l]egal characterizations of a party's status as stated in a complaint are not controlling; rather the Court

must look at the factual allegations ... to determine a party's proper status. Furthermore, in determining the removing parties' proper characterization, federal law controls.'" *Karp v. Am. Law Enforcement Network, LLC,* CA 11–0449–CG–C, 2011 WL 6963254 (S.D.Ala. Nov. 18, 2011) *report and recommendation adopted,* CIV.A. 11–449–CG–C, 2012 WL 38161 (S.D.Ala. Jan. 6, 2012) (quoting *Palisades Collections LLC v. Shorts,* Civil Action No. 5:07CV098, 2008 WL 249083, at *3 (N.D.W.Va. Jan. 29, 2008) (citations and internal quotations omitted; alteration to original)); *see also Chicago, Rock Island & Pacific R. Co. v. Stude,* 346 U.S. 574, 579–80, 74 S.Ct. 290, 98 L.Ed. 317 (1954) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant.").

FED.R.CIV.P. 13(a) and (b) allows counterclaims against "any opposing party." Even [when entities are] not "opposing parties" before the counterclaim was filed (since they were not parties to the case), the Federal Rules allow for the joinder of new parties under Rules 19 and 20 via a counterclaim. *See* FED. R.CIV.P. 13(h). By contrast, third-party defendants can only be joined if the claim is by the defendant (third-party plaintiff) against someone "who is or may be liable to it for all or part of the plaintiff's claim against [it]." FED. R.CIV.P. 14(a)(1). In *United States v. Olavarrieta,* 812 F.2d 640, 643 (11th Cir. 1987), the Eleventh Circuit wrote:

> Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a *separate and independent claim* even though the claim arises out of the same general set of facts as the main claim.

*Olavarrieta,* 812 F.2d at 643 (emphasis added).

*Deutsche Bank Nat. Trust Co. v. Baxter,* 969 F.Supp.2d 1337, 1341–42 (N.D.Ala. 2013) (Hopkins, J.). None of the claims against the Counterclaim Defendants are for indemnity.

Further, the Counterclaim Defendants provide no authority for their argument that, simply because the original claims by Aurora have been dismissed, they are actually only "Defendants" now. (Doc. 27 at 5–6). The Counterclaim Defendants, added to this case as a result of being sued in the Counterclaim and Amended Counterclaim, are properly classified.

### B. Section 1441(a)

Section 1441(a) provides that,

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants,* to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a) (emphasis added). This Court has noted:

> Under Section 1441(a), the Supreme Court has been clear that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed.

1218 (1914). In other words, under Section 1441(a), "determining whether a particular case arises under federal law turns on" what is contained within the "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488, 2494, 159 L.Ed.2d 312 (2004). In *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S.Ct. 1889, 1894, 153 L.Ed.2d 13 (2002), the Court stated that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *See also, Vaden v. Discover Bank*, 556 U.S. 49, 66, 129 S.Ct. 1262, 1276, 173 L.Ed.2d 206 (2009) ( "[A] counterclaim ... does not provide a key capable of opening a federal court's door.").

*Deutsche Bank*, 969 F.Supp.2d at 1342.

■ In the instant case, however, the removing Counterclaim Defendants argue:

When the original complaint was resolved by Consent Order (Doc. 62) and Aurora (Plaintiff) was dismissed by Joint Stipulation (Doc. 344, 249), in effect Jefferson (formerly defendant/counterclaim plaintiff) became the true plaintiff in this action and FNMA, QBE First, QBE America, Balboa, and Nationstar became the defendants. In accordance with Eleventh Circuit law, the parties should be so re-aligned for the purposes of removal pursuant to 28 U.S.C. § 1441(a).

(Doc. 1 at 3–4). In theory, if the parties are "realigned" now, Jefferson would be the plaintiff, and the now Counterclaim Defendants would simply be "defendants." As "defendants," the argument goes, they could properly remove this case. The Counterclaim Defendants cite *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310 (11th Cir.2012) in support of their position. (Doc. 1 at 11–12). However,

that case is distinguishable from the instant case.

In *Vestavia Hills*, the City of Vestavia Hills won a state court judgment against Cameron Development Corporation ("Cameron"). After Cameron's insurer, General Fidelity Insurance Company ("General Fidelity"), failed to pay the judgment, Vestavia Hills filed a one-count complaint in state court, suing Cameron and General Fidelity, under Alabama law, for payment of the judgment. The statute under which it sued, Alabama Code § 27–23–2, required a plaintiff to initiate the action against both the insured and the insurer. General Fidelity removed the case to federal court, and Vestavia Hills moved to remand for lack of diversity. The district court denied the motion after it "realigned Cameron as a plaintiff because Vestavia Hills's and Cameron's interests converged against General Fidelity in that both Vestavia Hills and Cameron want to force General Fidelity to provide coverage." *Vestavia Hills*, 676 F.3d at 1312. The city argued that, even though no claim was actually being made against Cameron, the district court still erred in realigning the parties "because Alabama Code § 27–23–2 expressly states that both the insured and the insurer are to be named as defendants, and ... the Alabama Supreme Court has held that both parties must be named as defendants." *Id.*

In determining that realignment was proper, the Eleventh Circuit wrote:

Weighing the propriety of the district court's decision to realign the parties and deny Vestavia Hills's motion to remand requires us to consider two different interests. On the one hand, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts

about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) (citation omitted). On the other hand, there exists also a strong federal preference to align the parties in line with their interests in the litigation. We begin with the proposition, voiced by the Supreme Court that, "[f]or the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute." *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954). Accordingly, what Alabama Code § 27–23–2 or the Alabama Supreme Court have to say about whether Cameron is a defendant or a plaintiff is immaterial, and, further, state legislatures apparently cannot craft a statute in this manner to render certain causes of action "unremovable."

We next note that federal courts are required to realign the parties in an action to reflect their interests in the litigation. The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941). This Court concludes that the converse of this principle—that parties cannot avoid diversity by their designation of the parties—is also true. Rather it is the "duty . . . of the lower federal courts[ ] to look beyond the pleadings and arrange the parties according to their sides in the dispute," *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n. 5, 110 S.Ct. 297, 302 n. 5, 107 L.Ed.2d 223 (1989) (citations and quotations omitted), as determined by "the principal purpose of the suit" and "the primary and controlling matter in dispute," *City of Indianapolis*, 314 U.S. at 69, 62 S.Ct. 15. Where the parties' interests are the same, we have held that those parties must be aligned together and have reversed a district court's failure to do so, even where the parties' interests were in opposition outside of the issues raised in the subject action. *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547, 1548 (11th Cir.1984); *see also Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156 (3d Cir.1995) ("'[W]here party designations have jurisdictional consequences,' [the court] must align the parties before determining jurisdiction.")

Having reviewed the single-count complaint, it is clear that Vestavia Hills did not seek any relief from Cameron. *Cf. Duffey v. Wheeler*, 820 F.2d 1161 (11th Cir.1987). There no longer is any dispute between Vestavia Hills and Cameron, and the only thing that Cameron could want out of this case is for Vestavia Hills to win. Obviously, the two parties' interests are identical or at least materially so. As was noted by the Seventh *Circuit in Home Insurance Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir.1998), in determining subject matter jurisdiction on the basis of diversity, "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party."

Under *Weller*, *Northbrook National Insurance Co.*, and *City of Indianapolis*, cited above, it is equally clear that realignment would have been available to Vestavia Hills if it had sought to bring the action in federal court in the first instance. Those cases require the district courts to determine the principle

purpose of the suit and the primary and controlling matter in dispute and align the parties accordingly regardless of the fact that the Alabama Code required Vestavia Hills to name Cameron as a defendant. As such, we conclude that the district court did not err in realigning Cameron as a plaintiff and in refusing to remand this matter to state court. *Accord Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.,* 621 F.3d 554, 568 (6th Cir.2010) ("For the foregoing reasons, we uphold the district court's realignment of the parties to establish complete diversity.").

*Id.* at 1313–14.

Unlike in the *Vestavia Hills* case, in the instant case the parties in this case are already "arrange[d] ... according to their sides in the dispute so that they are paired with other parties of similar interests." *Vestavia Hills,* 676 F.3d at 1313–1314. Further, in the instant case the labels assigned to the parties do not have jurisdictional consequences. *Vestavia Hills* was a diversity case where realignment was necessary to establish complete diversity. In the instant case, the Counterclaim Defendants allege jurisdiction based upon 28 U.S.C. § 1331 (federal question). Their designations as "counterclaim defendants," "defendants," or anything else have no bearing on whether the claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Counterclaim Defendants have provided no support for the proposition that they must be "renamed" because their current classification has *procedural* (as opposed to jurisdictional) consequences.

Because the removing parties are not "defendants," they cannot remove this case under 28 U.S.C. § 1441(a). *See, Fed. Nat'l Mortgage Ass'n v. Doolittle,* No. CV 15–0435–WS–C, 2015 WL 6757619, at *2 n. 1 (S.D.Ala. Nov. 5, 2015) (Steele, J.) (and cases cited therein) ("newly added" counterclaim or third party defendants cannot remove under 42 U.S.C. § 1441(a)); *Capitalsource Fin., LLC v. THI of Columbus, Inc.,* 411 F.Supp.2d 897, 900 (S.D.Ohio 2005) (same).

## C. *Section 1441(c)*

Section 1441(c) provides:

(1) If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C.A. § 1441(c). The Counterclaim Defendants argue:

The Fifth and Eleventh Circuits have interpreted this provision to provide "a vehicle" for third-party defendants and newly added defendants to remove an action that satisfies § 1441(c)'s criteria. *WGB, LLC v. Bowling,* 18 F.Supp.3d 1288, 1294 (N.D.Ala.2014); *see also Carl Heck Engineers, Inc. v. Lafourche Par-*

*ish Police Jury,* 622 F.2d 133 (5th Cir. 1980).

(Doc. 1 at 14).

 The undersigned has addressed this issue before, writing:

Although the Eleventh Circuit has not addressed precisely this issue, the old Fifth Circuit did issue a related opinion on third-party removal under Section 1441(c) in *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980). In *Carl Heck,* the court found that a third-party defendant could remove a case under 28 U.S.C. § 1441(c) when the cause of action was "distinct and independent" from the underlying cause of action, such that "the claim would be removable if sued upon alone." *Id.* at 136. It was also particularly important to the court that the third-party claim had been separated from the original claims, thereby not depriving the original plaintiff from his choice of a forum. *Id.*

Since *Carl Heck* remains good law in the Eleventh Circuit, were this a third-party defendant removal, the issue would be already be decided. However, since this is a counterclaim defendant removal, the Court must first determine whether *Carl Heck* should be extended to include counterclaim defendants.

More than a decade after it decided *Carl Heck,* the Fifth Circuit, now separate from the Eleventh Circuit, extended its holding to counterclaim defendants. *State of Tex. By and Through Bd. of Regents of University of Texas System v. Walker,* 142 F.3d 813, 816 (5th Cir. 1998) ("If the rationale of Carl Heck correctly affords third-party defendants the opportunity of § 1441(c) removal to federal court, to which they could have removed when sued alone, then that rationale protects [a counterclaim defendant].")." Some district courts in this circuit have followed the Fifth Circuit's example in *Walker* and have similarly extended the holding in *Carl Heck. See, e.g., Mace Sec. Intern., Inc. v. Odierna,* No. 08–60778–CIV, 2008 WL 3851839, *4 (S.D.Fla. Aug. 14, 2008) (finding the Fifth Circuit's decision in *Walker* to be persuasive and extending Carl Heck to include counterclaim defendant removals); *North Star Capital Acquisitions, LLC v. Krig,* Nos. 3:07CV264J32MCR, Nos. 3:07CV265J32TEM, 3:07CV266J32MCR, 2007 WL 3522425, *1 n. 3 (M.D.Fla. Nov. 15, 2007) ("Unlike *Carl Heck, Walker* is not binding in the Eleventh Circuit. However, the *Walker* holding to allow removal by counterclaim defendants is simply a natural extension of the Carl Heck rule by which this Court is bound."). Other district courts in this circuit have rejected such an extension. *See, Citibank (S. Dakota), N.A. v. Duncan,* 209–CV–868–WKW WO, 2010 WL 379869 at *2 (M.D.Ala. Jan. 25, 2010) ("Although *Carl Heck* is binding authority as to removals by third-party defendants, *Walker* is not. . . . The Eleventh Circuit has yet to decide whether § 1441(c) encompasses removals by counter-defendants, and given the divisiveness among other courts as to the underlying conclusion reached in Carl Heck, the court is persuaded that the better course is to remand, rather than to guess what this circuit might hold if presented with the unsettled issue of whether *Carl Heck* should be extended to removals by counter-defendant."); *Karp,* 2011 WL 6963254 ("counter-defendants lack the authority to remove this matter pursuant to section 1441(c) and *Carl Heck*" does not apply) (emphasis supplied in original); *Chevy Chase Bank, F.S.B. v. Carrington,* 6:09–CV–2132ORL31GJK, 2010 WL 1854123 at *1 & *3 (M.D.Fla.

May 10, 2010) (same as applied to cross-claim defendants).

Outside of the Fifth Circuit, *Carl Heck* has been almost universally disagreed with in the more than twenty years since the opinion was issued. *See, e.g., First Nat. Bank of Pulaski v. Curry,* 301 F.3d 456, 465 (6th Cir.2002) ("Given the language of the statute and the rule that removal statutes are to be construed narrowly, we reject the view that 'joined,' as used in § 1441(c), should be interpreted broadly and conclude instead that it should be interpreted narrowly to apply only to claims joined by the plaintiff in the original state court action."); *Lewis v. Windsor Door Co.,* 926 F.2d 729, 733 (8th Cir.1991) ("We do not, however, believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim. Removal on such basis is too much akin to the tail wagging the dog."); *Andrews v. Elec. Motor Sys., Inc.,* 767 F.Supp. 853, 855 (S.D.Ohio 1991) ("Moreover, this Court agrees that permitting another party to defeat the plaintiffs' choice of forum based upon the fortuitous addition of a removable third party claim would be 'too much akin to the tail wagging the dog.' ") (citing 1A Moore's Federal Practice ¶ 0.167[10] ); *Elkhart Coop. Equity Exch. v. Day,* 716 F.Supp. 1384, 1387 (D.Kan.1989) ("[R]emoval under § 1441(c) is available only when a removable claim 'is joined with' a non-removable claim. Strictly construed, this provision only permits removal of claims joined in the plaintiff's complaint."); *Thomas v. Shelton,* 740 F.2d 478, 487 (7th Cir.1984) (holding in an opinion by Judge Posner that in the "broad run of third-party cases" the third-party defendant may not remove under § 1441(c)); see also 14C Charles

Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3724, at 44 (3d ed.1998) (endorsing the view that "Section 1441(c) should not be interpreted as generally authorizing removal in these contexts").

The Fifth Circuit's decision in *Walker* seems to be a natural extension of the reasoning in *Carl Heck,* but the overwhelming weight of authority, while not binding, suggests that *Carl Heck* was an aberration. Given the recent developments in jurisprudence involving Section 1441(c), the court finds it unlikely that the Eleventh Circuit would extend *Carl Heck* to include counterclaim defendants. This is especially true where, as here, the underlying claims have not been severed, as was the circumstance in *Carl Heck.*

Therefore, the court declines [the] invitation to extend *Carl Heck* to counterclaim defendants. Instead, in finding that *Carl Heck* should not be extended in this manner, the Court sides with the majority of other courts across the country that have found that Section 1441(c) does not permit removal for counterclaim defendants.

*Deutsche Bank,* 969 F.Supp.2d at 1342–44.

The Court finds that its previous disposition of this same issue remains the correct approach, and notes that a similar approach has been followed by at least one other court. *See, Doolittle,* 2015 WL 6757619, at *4 (Steele, J.) ("This Court is not inclined to extend the rickety, oft-maligned reasoning of *Carl Heck* to the counterclaim defendant context."); *but see, WGB, LLC v. Bowling,* 18 F.Supp.3d 1288, 1294 (N.D.Ala.2014) (Haikala, J.) (finding the Fifth Circuit's reasoning in *Walker* to be persuasive).

▪ Even if a counterclaim defendant could remove under section 1441(c),

[b]y the plain statutory language, then, a case is removable under § 1441(c) only if both of the following requirements are satisfied: (i) the presence of a federal question; and (ii) the existence of an additional claim that either is "not within the original or supplemental jurisdiction of the district court" or "has been made nonremovable by statute."

*Doolittle,* 2015 WL 6757619, at *4. The Counterclaim Defendants, upon whom the burden of proving jurisdiction rests, have made no showing in this regard.[4]

4. In this case there definitely is the presence of a federal question in the claims for violation of the TILA, the FDCPA, and the FCRA. However, the Counterclaim Defendants make no argument that there are any other claims in this case which are either made non-removable by statute, or are not within this Court's supplemental jurisdiction. Instead, in the Notice of Removal, the Counterclaim Defendants argue vaguely that

> In this case, Aurora filed a lawsuit related to foreclosure of Jefferson's property, and Jefferson filed a series of state law and federal "counterclaims"—including TILA, FDCPA, and FCRA—adding several new defendants and claims, all arising from separate facts from the original lawsuit. First, these new claims—which are distinct and independent from the claims asserted in the original counterclaim—would have been removable to federal court if Jefferson had filed them in a separate lawsuit. (See supra pp. 4–6 and Exhibit C.)
>
> Hence, and in the event the Court does not re-align the parties and allow for removal under 28 U.S.C. § 1441(a), under 28 U.S.C. § 1441(c), the new claims—arising from Jefferson's insurance claims and Jefferson's credit reporting/servicing claims in the Amended Counterclaim—are removed to federal court and the otherwise nonremovable original claims should be severed and remanded to state court.

(Doc. 1 at 15–16); *see also,* doc. 27 at 6 (*"Carl Heck* ... found that a third-party defendant could remove a case to federal court under 28 U.S.C. § 1441(c) when the third-party complaint stated a 'separate and independent' claim."). This focus on the "separate and distinct" nature of the claims is a misplaced reference to a previous version of 28 U.S.C. § 1441(c) which read:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its dis-

cretion, may remand all matters not otherwise within its original jurisdiction.

*Carl Heck,* 622 F.2d at 135 (quoting the version of section 1441(c) in effect at that time). In their response to the motion to remand, the Counterclaim Defendants discuss the amended version of section 1441(c), but only in their argument that *they* should be allowed to remove under that statute, not that the *requirements of the statute* were satisfied. (Doc. 27 at 7, n. 3). Further, in discussing a separate issue, the Counterclaim Defendants admit that

> the Notice of Removal invoked this Court's federal question jurisdiction (§ 1331) on the basis of Jefferson's Truth In Lending Act, Fair Debt Collection Practices Act, and Fair Credit Reporting Act claims against the Removing Parties, *and then invoked this Court's supplemental jurisdiction (§ 1367) as to all of Jefferson's other claims.* (See id.)

(Doc. 27 at 12–13) (emphasis added). Having relied upon supplemental jurisdiction to remove this case, the Counterclaim Defendants cannot now claim its absence.

Because they have not met their burden or showing that the requirements of section 1441(c) are met, the Court will not analyze Judge Haikala's decision on this issue in *Bowling,* which the Counterclaim Defendants cite in support of removal, or discuss the criticisms of that approach. *See, Fed. Nat. Mortgage Ass'n v. Morris,* 118 F.Supp.3d 1288, 1299 (N.D.Ala.2015) (Ott, MJ.) ("While the undersigned agrees with much of Judge Haikala's thoughtful analysis in *Bowling* of these difficult and unsettled removal issues ... the undersigned respectfully parts ways with her in the end as it relates to the operation of the current § 1441(c)."); *LPP Mortgage Ltd v. Scarber,* No. 15–CV–01380–RDP, 2015 WL 5782279, at *4 (N.D.Ala. Oct. 5, 2015) ("[T]his court respectfully disagrees with Judge Haikala's decision in *Bowling* and agrees with the reasoning set forth by Magistrate Judge Ott in *Morris.*"); *Fed. Nat'l Mortgage Ass'n v. Doolittle,* No. CV 15–0435–WS–C, 2015 WL 6757619, at *5 (S.D.Ala. Nov. 5,

## IV. CONCLUSION

For the reasons stated herein, the motion to remand is **GRANTED**. The clerk of court is **ORDERED** to **REMAND** this case to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this 14th day of April, 2016.

2015) (Steele, J.) ("The Court declines [the] invitation to defer to the Northern District of Alabama decision in . . . *Bowling*.").